Syllabus.

EVA HAENNI *et al.*

*v.*

CATHERINE BLEISCH.

*Filed at Mt. Vernon May 8, 1893.*

1. FRAUD—*in procuring a conveyance to be made—whether sufficient to set aside deed.* A father, after procuring a conveyance of a tract of land to be made to his two daughters, induced one of them to make a deed of her interest to the other, by representing to the former that if she would make such deed he would pay to the grantor the value of the land in money or other property, so that both daughters should share equally in all his property. The father died, and never paid his daughter making the deed anything: *Held*, that these facts would not be such fraud as to require a court of equity to set aside the deed so procured to be made.

2. SAME—*what false representations constitute fraud.* A false representation which will justify the setting aside of a conveyance of land induced thereby, must be as to a past or present state of facts,—not merely as to an intention as to the future. A promise to perform an act, although accompanied at the time with an intention not to perform it, is not such a representation as can be made the ground of an action at law.

3. DEED—*delivery to a stranger—when acceptance presumed.* If a deed is delivered to a stranger who has no authority to receive it, the grantee may ratify the act of the stranger, and the delivery will be good, even in cases where the deed is made without the grantee's knowledge. The unconditional delivery of a deed to a third person, for the benefit of the grantee, is a sufficient delivery of the same, if accepted. And when the deed is unconditional, and beneficial to the grantee, an acceptance will be presumed.

4. CHANCERY—*bill to set aside deed—proof of delivery of deed.* A bill to set aside a deed showed that the deed was executed by the complainant for the purpose, and with the intention on her part, of conveying her interest in the land to the grantee, her sister, and that the procuring of the deed by the father of the parties was for the benefit of the grantee, and that the delivery of the deed to the father was for the purpose of giving effect to the deed, and that the grantee accepted the same and had since claimed title under it: *Held*, that no proof of the delivery of the deed was necessary, as that question was not in issue.

APPEAL from the Circuit Court of Madison county; the Hon. A. S. WILDERMAN, Judge, presiding.

Mr. A. W. METCALFE, for the appellants :

The deed of Eva Haenni to appellee was obtained under the agreement of their father, that if she, Eva, would make it, he would pay her for it in money or land. He never did so, in consequence of which she, Eva, lost the legal title to her land, which was passed to appellee, who never paid for the land to any one. This is a fraud as to Mettier, and as appellee never paid any money, in any way, as a purchaser, she has equities only to the extent of money paid in taxes, and less the rents received by her.

As to the right of rescission for misrepresentation, see *Hall* v. *Fullerton,* 69 Ill. 448.

The vendee had the right to rely on statements, and having done so he had a right of action. *Allen* v. *Hart,* 72 Ill. 104.

If property is conveyed without consideration, a bill will lie to avoid the deed. *Jones* v. *Neely,* 72 Ill. 449.

A contract may be rescinded for fraud, and these representations are legally fraudulent. *Schwass* v. *Hershey,* 125 Ill. 653 ; *Strong* v. *Lord,* 107 id. 25.

Fraud vitiates every contract. *Sims* v. *Klein,* Breese, 302 ; *Deere* v. *Lewis,* 51 Ill. 254.

Fraud may consist in making false representations. *Merriman* v. *David,* 31 Ill. 404 ; *Lockridge* v. *Foster,* 4 Scam. 569.

Where a party, by fraud, obtains a conveyance, the parties who made it may disregard it. *Lloyd* v. *Higbee,* 25 Ill. 603 ; *Whitney* v. *Roberts,* 22 id. 381 ; Kerr on Fraud, etc., 48-91.

If a party makes representations, and injury ensues, it is a case of fraud. *Case* v. *Ayers,* 65 Ill. 142 ; *Sands* v. *Sands,* 112 id. 231.

Fraud vitiates all acts as between the parties. *Jamison* v. *Beaubien,* 3 Scam. 113 ; *Prevo* v. *Walter,* 4 id. 35 ; *Walker* v. *Hough,* 59 Ill. 375.

Courts of equity have jurisdiction to set aside and cancel deeds fraudulently obtained. *Clement* v. *Evans,* 15 Ill. 92 ; *Kenedy* v. *Northup,* 15 id. 148.

So long as the parties defrauded do not ratify the act done by them, they or their grantees will be sustained in their equitable rights. *Whitney* v. *Roberts,* 22 Ill. 381 ; *Underwood* v. *West,* 43 id. 403 ; *Howell* v. *Edmonds,* 47 id. 79.

There was no delivery of this deed. The contract was made with the father, in the absence of appellee, and delivered to him on certain agreements of payment, which were not performed. The appellee is not a party to it only to receive the deed from her father as a gift, and it is void except as to creditors and purchasers for value.

A delivery is essential to render a deed operative, and it does not take effect until it is delivered. Without delivery it is void. *Kingsbury* v. *Burnside,* 58 Ill. 310 ; *Byars* v. *Spencer,* 101 id. 429 ; *Cline* v. *Jones,* 111 id. 563 ; 2 Warville on Vendors, p. 802-836, notes, 837, 838-840, 851, 852-860, 878, 881.

Messrs. TRAVOUS & WARNOCK, for the appellee :

Appellants have an adequate remedy at law. *Blanchard* v. *Williamson,* 70 Ill. 647.

The deed was legally delivered. *Blanchard* v. *Williamson,* 70 Ill. 647 ; *Rawson* v. *Fox,* 65 id. 200.

Mr. JUSTICE WILKIN delivered the opinion of the Court :

To the October term, 1891, of the circuit court of Madison county, appellants filed their bill in chancery, against appellee, to set aside a deed by said Eva, conveying certain real estate to appellee, and for partition. The cause was heard on bill, answer thereto, replication and proofs, and a decree entered dismissing the bill for want of equity, at the cost of the complainants. From that decree this appeal is prosecuted.

The only question in the case is, whether, upon the allegations of the bill and proofs made, the circuit court should have set aside said deed.

It appears that on the 13th day of September, 1879, one Christian Mettier, the father of said Eva Haenni and Catherine

Bleisch, purchased the one hundred and twenty acres of land described in the bill, from one Jacob Leef, paying him therefor $3000. He caused the deed to be made by Leef to his said daughters, jointly. On November 10, 1880, said Eva, at the request of her father, made a quitclaim deed of her undivided interest in said land to her sister, Catherine, and delivered the same to her father, who delivered it to appellee. This deed was duly recorded, and about the time it was executed appellee took possession of the whole of said real estate, and has since remained in the exclusive possession and control thereof, paying all taxes assessed against it and making lasting and valuable improvements thereon. It is the quitclaim deed of November 10, 1880, which the bill seeks to have set aside.

The grounds upon which the relief prayed is asked, are set forth in the bill, as amended, in the following language: That her father "came to your oratrix, then being the wife of said Frederick, and desired her to make a deed for her half of said land to said Catherine Bleisch, promising and agreeing that, if she would do so, he would pay the value of said lands to her in money or other property, so that she and the said Catherine shared equally in all his said property. Your orator further states that it was entirely on the good faith of the representations of said Mettier that she executed and delivered said deed, and for no money or other consideration whatever, by him or by said Catherine, paid or given to your oratrix, at any time. Your oratrix further states that she never bargained or sold said lands to said Catherine, or contracted with her about the lands, and never delivered the deed to her, but all the contracting was with said Christian, and the deed was delivered to him in the absence of said Catherine. Your orator and oratrix further state that all the representations of the said Christian Mettier in procuring said deed, and on the good faith of which your oratrix relied when she executed and delivered said deed to him, were false and fraudulent in this,

to-wit: That the said Christian Mettier never did pay the value of said lands to your oratrix, Eva Haenni, in money or other property, so that she and the said Catherine shared equally in all his said property, but, on the contrary, your oratrix, Eva Haenni, entirely lost the legal title to said lands by the means aforesaid, and the same became unlawfully vested in said Catherine, where it still remains, without any legal or valuable consideration whatever, and without her husband joining in said deed, and the same has never been incumbered by her."

The answer admits the execution of the deed and delivery to said Christian Mettier, and avers that he delivered the same to appellee, and that her said father paid said Eva for said land. It sets up possession of said land by appellee under said deed, the payment of taxes and making improvements by her as above set forth, and pleads the seven years statute of limitations under claim and color of title and payment of taxes.

Conceding that the allegations of the bill were supported by the proofs, the circuit court properly dismissed the bill.

Counsel for appellant insists that there is no proof of the delivery of the deed in question. There is no such issue in the case. The bill shows that the deed was executed by the grantor for the purpose, and with the intention on her part, of conveying her interest in said lands to the grantee, Catherine Bleisch, that the procuring of the conveyance by the father was for the benefit of said grantee, and that the delivery of the deed to the father was for the purpose of perfecting the conveyance intended to be made, and that appellee accepted the deed, and has ever since claimed title under it. "If a deed is delivered to a stranger who has no authority to receive it, the grantee may ratify the act of the stranger, and the delivery will be good, even in cases when the deed is made without the grantee's knowledge." (*Morrison* v. *Kelly,* 22 Ill. 626.) The unconditional delivery of a deed to a third person, for the

benefit of the grantee, is a sufficient delivery of the same, if accepted by the grantee. *(Ferguson* v. *Miles,* 3 Gilm. 358; *Rivard et al.* v. *Walker,* 39 Ill. 413; *Crocker* v. *Lowenthal,* 83 id. 579.) And when the deed is unconditional, and beneficial to the grantee, an acceptance will be presumed. *(Ferguson* v. *Miles, supra; Thompson* v. *Candor,* 60 Ill. 244.) A delivery to a third person by authority, or with the assent of the grantee, is as effectual as a delivery to the grantee himself. *(Henrichsen* v. *Hodgen,* 67 Ill. 179.) Under the foregoing authorities, the bill itself shows that there was a sufficient delivery of said deed.

Does the bill show such fraud on the part of Christian Mettier, in procuring the execution and delivery of the deed, as will authorize a court of equity to set it aside? What were the representations by him which induced the grantor, Eva Haenni, to make the conveyance? Simply, that "if she would do so he would pay the value of said lands to her in money or other property, so that she and the said Catherine shared equally in all his said property,"—a mere promise to do a thing in the future. Wherein was the so-called representation fraudulent and false? Only in the fact "that the said Christian Mettier never did pay the value of said lands to your oratrix, Eva Haenni, in money," etc.,—a breach of the promise, and nothing more. There is nothing whatever in the bill tending to show that undue influence was exercised over the grantor by her father because of his parental control over her. On the contrary, it shows that his dominion over her had ceased prior to the conveyance. If, therefore, a court of equity can be resorted to, on the facts here alleged, to annul a deed of conveyance to real estate, then, in every case in which there is a breach of the vendee's contract to pay for the land conveyed, the vendor can avoid the deed. Certainly no one will contend that such is the law. A false representation, within the meaning of the law, "must be as to a past or present state of facts,—not merely as to an intention as to the future."

*Gage* v. *Lewis*, 68 Ill. 604, citing Kerr on Fraud and Mistake, 88, wherein it is said: "As distinguished from the false representation of a fact, the false representation as to a matter of intention not amounting to a matter of fact, though it may have influenced a transaction, is not a fraud in law." Also, *Gallaher* v. *Brunell*, 6 Cow. 346, holding "that to warrant an action for a deceitful representation it must assert a fact or facts as existing in the present tense. A promise to perform an act, though accompanied at the time with an intention not to perform, is not such a representation as can be made the ground of an action at law. The party should sue upon the promise, and if this be void he has no remedy."

Without reference to other grounds upon which the decree of the circuit court should be affirmed, we are clearly of the opinion that the bill, on its face, shows no ground for equitable relief.

The decree will be affirmed.

*Decree affirmed.*