## LAURA E. BOGAN et al.

### v.

## ST. CLAIR SWEARINGEN.

*Opinion filed October 25, 1902—Rehearing denied December 11, 1902.*

1. DEEDS—*what constitutes a valid delivery of deeds.* Deeds executed and placed in the hands of a third person for delivery to grantees after the death of the grantor, upon the express understanding that the latter shall have no right to re-call or revoke them, are well delivered if accepted by the grantees.

2. SAME—*what does not render deed a testamentary disposition of land.* The mere fact that the grantor retains possession of land for her use during life does not render her deed a testamentary disposition even though it was not to be delivered until after her death, where the grantor reserved no right to alter the disposition of the property, which is an essential feature of a testamentary disposition.

APPEAL from the Circuit Court of Champaign county, the Hon. FRANCIS M. WRIGHT, Judge, presiding.

F. M. GREEN & SON, for appellants.

ROY WRIGHT, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Esther Swearingen died intestate March 1, 1899, leaving St. Clair Swearingen, Laura E. Bogan and Lennie Stall, her children, and Nellie Witt, Clara Fisher and Otho John Upp, Jr., her grandchildren, children of a deceased daughter, her only heirs-at-law. Otho John Upp was the surviving husband of said deceased daughter. January 12, 1899, Esther Swearingen made three deeds of conveyance, one to each of her said children, St. Clair Swearingen, Laura E. Bogan and Lennie Stall, by which she conveyed all the lands which she then owned. The deeds were delivered to Samuel G. Lehman, to be kept by him until the death of the grantor and to be then delivered to the grantees. St. Clair Swearingen refused

to accept the conveyance which was made to him when offered after the death of the grantor, and on August 16, 1899, filed his bill in this case in the circuit court of Champaign county against the other children and the grandchildren, together with said Otho John Upp and Samuel G. Lehman, the administrator of the estate, asking to have the deeds set aside and the lands partitioned among all the parties to the suit as heirs of said Esther Swearingen, deceased. The reasons assigned for asking such relief were, that the deeds were executed voluntarily and without consideration, without the knowledge or consent of the grantees and not in pursuance of any contract or obligation; that the deeds were not delivered to the grantees in the lifetime of the grantor, and that they were executed for the purpose of a testamentary disposition of said lands, contrary to the provisions of the Statute of Wills. Laura E. Bogan and Lennie Stall answered the bill, and Otho John Upp, an insane person, answered by his guardian *ad litem*. The grandchildren and the administrator were defaulted. The cause was referred to a special master to take the evidence and report the same, with his conclusions. The master took the evidence and returned it to the court with his findings that the deeds were made as a voluntary settlement; that there was a good delivery of the deeds, and that they were not executed and delivered for the purpose of a testamentary disposition. He recommended that the bill be dismissed for want of equity. The court sustained exceptions to the report and entered a decree with findings in substantial accord with the allegations of the bill. The deeds were set aside and a partition of the premises was ordered, and appellants took this appeal.

The principal controversy is whether the deeds were delivered, and relates only to the legal conclusion to be drawn from the facts, about which there is no dispute. On January 12, 1899, Esther Swearingen went to the residence of Samuel G. Lehman, who had done business for

her, and stayed there during the night. She said she had come over to deed eleven acres, which he had just purchased for her, to Laura. She wanted to dispose of her real estate as she did, but did not want to make a will, and wanted it fixed so that she could use the land until she died. He advised her that the best way was to make deeds, and explained to her that if she made them she could never recall them and that they would be out of her control. The deeds were voluntary and without consideration, and they discussed the best way to give the lands to her children and decided to make the deeds for that purpose. He told her that she could not get the deeds from him, and that from the time they were made the land would belong to the grantees. She never proposed to make a will disposing of her real estate, but said that some time in the future she wanted to dispose of her personal property by will. The will of the personal property was never made. The deeds were then made by said Esther Swearingen and delivered to said Samuel G. Lehman to be kept by him until she died. He was authorized to hold the deeds, and it was understood between them that she should have no further control over them after they were delivered to him and that he should give them to the grantees after her death. She resided on the premises and had tenants on part of the land. She remained in possession until her death. The deeds were then delivered, but, as before stated, the complainant refused to accept the one offered to him.

A delivery is essential to the validity of every deed, and in order to constitute a delivery the grantor must part with all control over the deed and retain no right to reclaim or recall it. The delivery must be unconditional, with the intention that the deed shall become operative and effectual. It is not indispensable that the delivery be made to the grantee or with his knowledge, or even to any person authorized by him to accept the deed. The unconditional delivery of a deed to a third

person for the benefit of a grantee is a sufficient delivery if the deed is accepted. The grantee may ratify the act of the third person, and his assent is to be presumed from the fact that the conveyance is beneficial to him. Where a grantor executes deeds and places them in the hands of a third person for the grantee and to his use, reserving no right to recall them, the delivery will be good. (*Bryan* v. *Wash*, 2 Gilm. 557; *Haenni* v. *Bleisch*, 146 Ill. 262; *Miller* v. *Meers*, 155 id. 284.) The fact that the deeds were not to be delivered until after the death of Esther Swearingen does not render them invalid. Where a grantor executes a deed and places it in the control of a third party, to be delivered to the grantee after the grantor's death, reserving no right to recall or revoke the same, such facts constitute a valid delivery. (*Baker* v. *Baker*, 159 Ill. 394; *Shea* v. *Murphy*, 164 id. 614; *Munro* v. *Bowles*, 187 id. 346.) The undisputed facts of this case bring it within these rules. The deeds were delivered to Lehman as the representative of the grantees and were held for them. They were not held by him as agent or representative of the grantor or in her behalf, but it was expressly understood that she was to have no right to regain control of them. The delivery was absolute and unconditional, and fulfilled all requirements of a valid delivery.

The fact that the grantor retained possession of the lands and the use of them during her life did not render the conveyances a mere testamentary disposition of such lands. There was no right in the grantor to alter or change the disposition of the property during her lifetime, which is an essential feature of a will or testamentary disposition of property.

The decree is reversed and the cause is remanded, with directions to dismiss the bill.

*Reversed and remanded.*