## Bernard Dorenkamp v. Mary Dorenkamp.

1, EQUITY—*Has a Natural and Primary Jurisdiction Over Trusts.*— The rule which limits the jurisdiction of courts of equity to cases where there is no adequate remedy at law, does not, speaking generally, apply to the case of a trust, as there equity has a natural and primary jurisdic-

Dorenkamp v. Dorenkamp.

tion, superadded to any legal rights that the suitor may have, and concurrent with them.

2. TRUSTEES—*Cestui Que Trust May Proceed Against, Either at Law or in Equity.*—Where money is sought to be recovered from one as trustee, the fact that the *cestui que trust* has a remedy at law by action for money had and received, will not deprive a court of chancery of jurisdiction.

**Bill for an Accounting.**—Appeal from the Circuit Court of Effingham County; the Hon. SAMUEL L. DWIGHT, Judge presiding. Heard in this court at the February term, 1903. Affirmed. Opinion filed September 10, 1903.

WRIGHT BROTHERS, attorneys for appellant.

R. C. HARRAH and BARNEY OVERBECK, attorneys for appellee.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the Circuit Court of Effingham County, by appellee against appellant and others. Upon final hearing the court rendered a decree in favor of appellee against appellant for the principal sum of $300, and for $112.50 as interest. Appellant brings the case to this court and urges as grounds for reversal, that the Circuit Court erred in entertaining the bill, and that the evidence does not sustain the decree.

The allegations of the bill are sufficiently comprehensive to cover all the material facts of the case disclosed by the evidence. These facts as we find them to be are in substance as follows : Appellee is the daughter of the appellant by a former wife. The mother of appellee had received from her father and from his estate property and money which she estimated to be of the value of $300. This money and property she brought to appellant, her husband, and also had her life insured for the benefit of her husband. In due course of time appellee, their only child, was born; while the child was still an infant the mother became ill and shortly before she died, stated that if appellant, her husband, should get the insurance money, she wanted $300

of it kept for the child, appellee; that this was the amount she had received from her father and from his estate and she wanted it kept for the child. This request of the dying mother was communicated to the appellant before he collected the insurance money, and he said "it was all right," "the girl could have $300." After the insurance money was collected appellant brought it to the house of appellee's uncle and grandmother, where appellee was then living, and loaned $400 of it to the uncle, saying, "three hundred is for the girl." No note or writing of any kind passed between the parties relative to the transaction, and the uncle soon repaid $100 of it. Appellant afterward demanded the $300, and when reminded that it was to be kept for appellee, said he could save it for her just as well as the uncle could, and it was delivered over to him. Before appellant demanded from the uncle the $300 that was being kept for appellee, he had married again, and there is a little evidence tending to show that the second wife gave some advice about the fund. So when appellee was of age and had heard about her mother's request concerning the $300, and of its having been set apart as a fund for her, and of its management by her uncle and father and step-mother, she filed her bill against them all, resulting upon final hearing as above noted.

We are of opinion that the evidence warrants the conclusion that at the time the loan was made to the uncle, the $300 in question was set apart as a fund for appellee. The money was to be "kept for the child;" to be "saved for her." The custodian of this fund was more than a mere debtor to appellee, he was a trustee. This being true, the case is properly cognizable in a court of equity, and the Circuit Court did not err in entertaining the bill.

"The rule which limits the jurisdiction of courts of equity to cases where there is no adequate remedy at law, does not, speaking generally, apply to the case of a trust, as there equity has a natural and primary jurisdiction, superadded to any legal rights that the suitor may have, and concurrent with them." American & English Ency. of Law, Vol. 27, page 274 (1st Ed.) "Where money is sought to be recovered from one as trustee, the fact that

the *cestui que trust* has a remedy at law by action for money had and received, will not deprive a court of chancery of jurisdiction." Hubbard v. U. S. Mortgage Co., 14 Ill. App. 40.

We find no error in this record. The decree of the Circuit Court is affirmed.