OKIE HANES KIRKWOOD

*v.*

DIANA SMITH *et al.*

*Opinion filed October 24, 1904—Rehearing denied December 9, 1904.*

1. DEEDS—*presumption of delivery is strong in case of voluntary settlement.* A greater presumption in favor of delivery of a deed exists in the case of a voluntary settlement than in the case of bargain and sale.

2. SAME—*when delivery of deed of settlement is complete.* The execution of a voluntary conveyance and delivery thereof to the notary with instructions to deliver it to the grantee upon the grantor's death, without reserving the right to recall or revoke it, renders the delivery effectual and complete.

3. SAME—*what does not defeat a voluntary settlement for non-delivery.* Lack of delivery of voluntary conveyances placed in notary's hands with instructions to deliver them to the grantees upon the grantor's death is not established by the fact that the grantor retained possession of the premises and enjoyed the rents and profits during her lifetime.

APPEAL from the Circuit Court of Vermilion county; the Hon. E. R. KIMBROUGH, Judge, presiding.

O. M. JONES, for appellant.

E. WINTER, and G. F. REARICK, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed by the appellant and a number of others, as the heirs-at-law of Margaret Bockoven, deceased. The bill alleged that the said deceased, at the time of her death, which occurred on the 28th day of January, 1902, was seized of the title in fee to the north-west quarter of section 25, town 18, north, range 11, west of the second principal meridian, in Vermilion county, Illinois; that she died intestate, and that the lands descended to the said complainants, as the heirs-at-law of said deceased, as tenants in common, and prayed for a decree partitioning and allotting

the same in severalty to the complainants according to their several alleged interests therein. The bill further alleged that there appeared of record in the recorder's office of Vermilion county, deeds to the several appellees, purporting to convey to them, respectively, portions of said tract of land; that though said deeds had been executed and acknowledged by said Margaret Bockoven, deceased, the complainants averred the instruments had not been delivered by the said deceased nor accepted by the grantees therein and were for that reason void, and the bill prayed that the said deeds should be canceled as clouds upon the title of the complainants in the bill. Answers were filed to the bill and replications to the answers, and the cause was referred to the master to take and report the proof, together with his conclusions of law and fact. The master reported the proof taken and his conclusion that the deeds were void for want of delivery, and recommended they be canceled, in accordance with the prayer of the bill. Objections filed by the appellees to the findings and conclusion of the master were overruled, and were, by agreement, filed as exceptions to the report before the chancellor. The chancellor sustained the exceptions and dismissed the bill for want of equity. The appellant was allowed and has perfected this appeal.

Mrs. Mary Bockoven and her husband lived on the lands in controversy as their home for many years. The title in fee was in Mrs. Bockoven. They had no children, and she survived her husband for a number of years. On November 8, 1897, some years after the death of her husband, Mrs. Bockoven went to the house of Henry Arndt, a neighbor, and caused one William M. Sheets, a notary public, to come there and to prepare four deeds to convey portions of the land in question to Diana Smith, a niece, Margaret E. Sprowls (now Brown) and Amos B. Sprowls, and Lydia Stockton, a sister, respectively. The grantees Margaret E. and Amos B. Sprowls were children of a girl who had been raised by Mrs. Bockoven but who was not a relative. The deeds each recited

a consideration of one dollar and love and affection entertained by the grantor for the grantees. She thereupon signed the deeds and acknowledged each of them before the said Sheets in his capacity as notary public, and he attached his certificate of acknowledgment thereto in due form of law. The deeds were also executed in the presence of Levi C. Underwood and Henry Arndt, who attached their names to the several deeds as witnesses to their execution. Mrs. Bockoven placed the deeds in the possession of the said Sheets, to be delivered by him to the grantees after her death. At the same time Mrs. Bockoven executed a will, by which she disposed of her personal property only, making no reference in her will to the lands, and deposited the will with Sheets. Mr. Sheets kept the deeds to Diana Smith, Margaret E. Sprowls and Amos B. Sprowls in his possession until after the death of Mrs. Bockoven and then delivered them to the respective grantees. Mrs. Stockton, the grantee in the other of the four deeds which were held by Sheets, died in the early part of the year 1901, and Mrs. Bockoven requested Mr. Sheets to deliver to her the deed to Mrs. Stockton. Mr. Sheets complied with that request, and Mrs. Bockoven burned the deed and on the same day executed a deed for the same premises to Martha J. Robinette, (a sister,) one of the appellees, and delivered that deed to Mr. Sheets. After Mrs. Bockoven's death Mr. Sheets delivered this deed to Mrs. Robinette. The heirs-at-law of Mrs. Lydia Stockton, deceased, the grantee in the deed that was burned, have conveyed their interest in the land described in the deed that was burned, to Mrs. Robinette. On the day of the execution of the deed by Mrs. Bockoven to Mrs. Robinette, the former also executed another will which affected only her personal property. This will was also deposited with Sheets.

The contention of the appellant is, that the grantor, Mrs. Bockoven, did not intend to make an absolute disposition of her property to take effect irrevocably after her death, and did not place the deeds in the hands of Mr. Sheets with the

intention of relinquishing all dominion and control over them. The transaction was a voluntary settlement. In such cases there is a greater presumption in favor of delivery than in cases of bargain and sale. *Masterson* v. *Cheek,* 23 Ill. 72; *Reed* v. *Douthit,* 62 id. 348.

It appears from the proof the deeds were delivered by Mrs. Bockoven to Mr. Sheets with instructions to deliver them to the grantees thereof, respectively, after the death of the grantor. This much seems to be conceded by appellant, but the argument is, that before the deeds can be regarded as valid and effectual conveyances, it must be found and held, from the evidence, as a fact, that Mrs. Bockoven intended, when she parted with the manual possession of the deeds, that these instruments should pass absolutely and irrevocably from her control and dominion, and that she should have no power thereafter over the title to the lands. That it was her intention that the deeds should remain in the possession of Mr. Sheets during her lifetime and should at her death be handed by Mr. Sheets to the grantees therein, respectively, was readily to be deduced from the proof, and no rule of law or evidence required further proof in behalf of the appellees.

The appellant urges that subsequent acts of Mrs. Bockoven indicate she did not understand that she had divested herself of all the right to recall the deeds, re-possess herself of them and make some other disposition of the lands. These acts are, (1) that Mrs. Bockoven retained possession of the premises and enjoyed the rents and profits arising therefrom during her lifetime; and (2) that after the death of Mrs. Stockton, the grantee in one of the deeds, the grantor, Mrs. Bockoven, called on Mr. Sheets for, and received, the deed to Mrs. Stockton, destroyed the same and executed another deed purporting to convey the same premises to Mrs. Robinette. If Mrs. Bockoven placed the deeds in the hands of Mr. Sheets to be delivered by him to the grantees after her death, and without reserving the right to recall or revoke, the delivery was effectual and complete. (*Bogan* v. *Swear-*

*ingen,* 199 Ill. 454.) The fact the deeds were not to be delivered or recorded until after the death of the grantor did not affect the delivery. (*Kelly* v. *Parker,* 181 Ill. 49; *Bogan* v. *Swearingen, supra.*) Nor did the fact that the grantor was entitled to and enjoyed the rents and use of the land during her lifetime render the conveyance but a testamentary disposition of the land or in any manner affect the delivery of the deeds. (*Bogan* v. *Swearingen, supra.*) Such use and enjoyment of the land were consistent with the plan and scheme of the settlement of the property of the grantor, and had no efficacy to establish that she had not parted with all dominion over the deeds and over the title to the lands. If the delivery was complete the grantor could not destroy the effect of her act and re-invest herself with the title by procuring the deed to be returned to her possession. (*Munro* v. *Bowles,* 187 Ill. 346.) Mrs. Stockton died during the lifetime of the grantor and without having knowledge that the deed to her had been executed and placed in the hands of Sheets, to be delivered to her after the death of the grantor, Mrs. Bockoven. But it is unnecessary to determine whether acceptance by her is to be presumed, for the reason that if such presumption does not arise and the conveyance is to be deemed inoperative for the want of acceptance, then the title would pass to Mrs. Robinette by the deed made by Mrs. Bockoven after the death of Mrs. Stockton. If acceptance by Mrs. Stockton is to be presumed because the grant was purely beneficial and that the title therefore passed to her, such title descended to her heirs-at-law and passed from them to Mrs. Robinette by deeds executed by such heirs to her. In any event, the appellant and her co-complainants had no title in the lands, and the bill was properly dismissed.

The decree of the circuit court is correct and it is affirmed.

*Decree affirmed.*