(No. 12710.—Decree affirmed.)

FRED A. MOORE, Appellant, *vs.* NELLIE B. DOWNING *et al.* Appellees.

*Opinion filed October 27, 1919.*

1. DEEDS—*subsequent conduct of grantor cannot affect delivery, once completed.* Where a deed is in the nature of a voluntary settlement, is delivered without reservation to a custodian to be held until the grantor's death, and where the evidence clearly shows an intention of the grantor to give the property to the grantees, the custodian becomes the representative of the grantees and holds the deed for their benefit, and the subsequent conduct of the grantor with regard to the property cannot affect delivery, once completed.

2. SAME—*when acceptance of deed is presumed.* Acceptance of a deed of voluntary settlement, where its terms are beneficial to the grantees, is presumed, even though the grantees had no knowledge of the existence of the deed until after the grantor's death.

3. SAME—*subsequent change of intention of grantor cannot affect delivery.* Where a deed is delivered to a custodian without reservation, to be held until the grantor's death, when it is to be

delivered to the grantees, a subsequent change of intention of the grantor, with the fact that he has access to the deed, cannot affect the delivery, which was made upon the express understanding of the grantor that he was to retain no control over the deed.

APPEAL from the Circuit Court of Vermilion county; the Hon. WALTER BREWER, Judge, presiding.

E. L. MAHER, and HILES & SIMPSON, for appellant.

ACTON & ACTON, for appellees.

. Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Vermilion county holding that appellant, Fred A. Moore, a nephew of George W. Schultz, deceased, has no interest in the following described real estate: The east half of lots 1 and 2 in the northwest quarter of section 2, and the north half of the east half of the southwest quarter of section 2, all in township 18, north, range 13, west of the second principal meridian, and the southeast quarter of the southwest quarter of section 35 and the west half of the east half of the southwest quarter of section 26, all in township 19, north, range 13, west of the second principal meridian, and all situated in the county of Vermilion, State of Illinois, and finding that the title to said real estate is in appellees, Nellie B. Downing and Minnie Lyle, nieces of George W. Schultz, by virtue of a deed executed and delivered by him October 16, 1909.

The only question presented for review by this appeal is whether the above deed was delivered. This question must be determined chiefly from the testimony of the custodian, James McGary. He testified that for fifteen or twenty years he had been a very close friend of the grantor; that October 16, 1909, he was called to the law office of Acton & Acton, in Danville, Illinois; that when he arrived,

there were present George W. Schultz, the grantor, and William W. Acton, one of the members of the law firm; that Acton then advised him that the grantor was preparing some deeds conveying his lands to certain of his nieces; that Acton told the grantor that in order to make a valid conveyance of the property in the manner he desired it would be necessary for him to deliver the deeds to some third person and that he would have to part with all control over the deeds and not reserve any right to recall them; that grantor then handed to witness, together with other papers, this deed conveying the above described premises to Nellie B. Downing and Minnie Lyle, and said to witness, "When I die I want you to take these down to the recorder's office and have them recorded and turn them over to Mrs. Lyle and Mrs. Downing;" that witness said, "All right; I'll do that;" that grantor then handed witness instructions written on a letter-head of Acton & Acton, which read as follows:

"DANVILLE, ILLINOIS, *October 16, 1909.*

"*To James McGary:*

"I hereby deliver to you the two deeds, one to Nellie B. Downing and Minnie Lyle and the other to Mary Eleanor Downing and Margaret Downing, and direct that you hold the same until my death and then deliver the same to the respective grantees, without any right on my part to recall or reclaim said deeds from you.

"Yours truly,

GEORGE W. SCHULTZ."

—that Acton then placed the deeds and the memorandum in a large envelope, on which Acton wrote witness' name; that grantor carried the envelope and its contents downstairs and again handed it to witness that night or early the next morning; that witness told grantor that he would place the package in the safe of Berhalter & Olmsted, for whom witness worked; that grantor suggested a safety deposit box as a safer place, and that witness engaged such a box at the American Bank and Trust Company on October 18, 1909; that the envelope was sealed and by witness placed in this box, and that it remained there until after the death of grantor; that grantor was given a key to this box,

and a power of attorney was executed by witness giving grantor authority to open the box at his pleasure; that the envelope containing the deeds remained in the box undisturbed and unchanged from October 18, 1909, to January 9, 1918,—about ten days after the death of grantor; that on that date witness met A. L. White, administrator of the estate of George W. Schultz, deceased, and the two of them, in the presence of J. A. Foster, cashier of the bank, unlocked the box and removed from it this envelope, together with other papers belonging to witness and some private papers belonging to deceased; that witness unsealed the envelope delivered to him by grantor by cutting it open with his knife and handed the deed in question to Minnie Lyle, who took it and had it recorded.

Whatever the grantor might have done with regard to this property after the deed was delivered to McGary could not change the effect of the specific directions given McGary at the time of delivery. The deed was then delivered without reservation and the custodian at once became the representative of the grantees and held the deed for their benefit. (*Bogan* v. *Swearingen,* 199 Ill. 454; *DeGraff* v. *Manz,* 251 id. 531.) Acceptance of a deed of voluntary settlement, where its terms are beneficial to the grantees, is presumed even though the grantees had no knowledge of the existence of the deed until after the grantor's death. (*Baker* v. *Hall,* 214 Ill. 364.) Whether or not this deed was delivered depends upon the intention of the grantor when it was handed to McGary. If he then intended to part with its custody and control and to have it take effect as a conveyance it was then delivered. In view of the advice of the attorney emphasizing the necessity of a delivery and of retaining no control over the deed, and of the typewritten directions which pointed out specifically the grantor's purpose and intention, there can be no doubt as to the intention of George W. Schultz when the deeds were placed in the possession of his friend, James McGary. A subse-

quent change of intention, if any were shown, could not affect the delivery thus completed; and even a mental reservation by the grantor contrary to that expressed by his words and acts, existing only in his own mind, would not invalidate the delivery effected by his acts and the words actually used. *Hudson* v. *Hudson*, 287 Ill. 286.

It is contended by the appellant that the fact that the grantor exercised full control over these premises during the nine years intervening between the execution of this deed and the death of the grantor; that the grantor was active in the organization of a drainage district including these lands; that the grantor sold a small strip along the right of way to the Wabash Railroad Company, and that the grantor listed this property with a real estate agent for sale, are all acts which are inconsistent with the grantor's intention to convey this land to the grantees at the time the deeds were executed. There would be considerable force to these contentions if it were not for the specific directions given to the custodian at the time the deeds were actually delivered. The fact that a deed is found in the grantor's possession after his death; that he retained possession and control of the property after making the deed; that he paid the taxes; that he renewed a mortgage; that he insured the premises and collected the insurance on a barn on the premises, will not overcome evidence of delivery based upon the legal presumption arising from the fact that the deed was in the nature of a voluntary settlement, where the evidence clearly shows the intention of the grantor to give the property to the grantees. *Ward* v. *Conklin*, 232 Ill. 553; *Kelly* v. *Bapst*, 272 id. 237.

The evidence fully sustains the finding of the chancellor, and the decree of the circuit court is therefore affirmed.

*Decree affirmed.*