(No. 16259.—Decree affirmed.)

THE STANDARD TRUST AND SAVINGS BANK, Exr., Appellant, *vs.* ANDROV CARLSON *et al.* Appellees.

*Opinion filed February 17, 1925.*

1. DEEDS—*retaining possession after delivery of deed does not re-vest title.* Retaining possession of the property and exercising dominion over it after delivering a deed does not re-vest the title in the party who delivered the deed, if it was, in fact, delivered with intent to convey the title, although it was only a quit-claim deed and the party delivering it or causing it to be delivered was the beneficial owner and had directed the holder of the legal title to make out the deed.

2. SAME—*presumption is in favor of delivery of deed of voluntary settlement.* The presumption of law is in favor of the delivery of a deed of voluntary settlement, and the burden is on the grantor, or those claiming through him, to show want of delivery.

3. SAME—*deed found in the grantee's possession is presumed to have been delivered.* Where a deed duly executed is found in the hands of the grantee a presumption of delivery arises, and this presumption can be overcome only by clear and convincing evidence.

APPEAL from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding.

JOHN W. ELLIS, for appellant.

GEORGE STEINBRECHER, and LEWIS S. EATON, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is prosecuted to review a decree of the superior court of Cook county denying the relief prayed in a bill filed by appellant to declare it to have title, as trustee under the will of John A. W. Fernow, Sr., deceased, to an undivided one-half interest in certain lands in Cook county, and granting the prayer of the cross-bill of appellee John A. W. Fernow, Jr., and decreeing that he is the owner of the undivided one-half interest in said lands.

The facts material to a decision of this case are the following: In January, 1920, Dr. John A. W. Fernow, Sr., and Androv Carlson, purchased the lands in question for the sum of $12,000 and built thereon a factory for the use of the American Airless Tire Company, a corporation owned by them. Title to the real estate was taken in Karl Sandell, a son-in-law of Carlson. Sandell had no interest in the real estate or the company. Thereafter Carlson and Fernow, Sr., had quit-claim deeds executed by Sandell conveying to Carlson and Fernow, Jr., each an undivided one-half interest in the real estate. These deeds were never recorded. After the execution and delivery to Carlson and Fernow, Sr., of these deeds, Fernow, Sr., continued to exercise control of the property in question and to deal with Carlson, his banker and other persons as though he were the owner of an undivided one-half interest in the lands. Fernow, Sr., caused the deed which Sandell executed and delivered to him to be prepared, and Sandell, having no personal interest in the property, did not pay any particular attention to the contents of the deed and does not remember who was named grantee. About three weeks prior to the death of Fernow, Sr., Sandell saw the deed in the possession of Fernow, Jr., and the deed then showed the grantee to be John A. W. Fernow, Jr. The deed continued in the possession of Fernow, Jr., until the death of his father, and after his father's death until it was delivered by Fernow, Jr., to Carlson for the purpose of selling the lands to appellee Frank E. Reda. By his last will and testament Fernow, Sr., named his son, John A. W. Fernow, Jr., and his daughter, Marie F. Leith, chief beneficiaries, and named appellant, the Standard Trust and Savings Bank, executor of and trustee under his will.

Appellant contends that the quit-claim deed executed by Sandell was not delivered to Fernow, Jr., by Sandell or Fernow, Sr. It supports this contention by proof of facts showing that Fernow, Sr., exercised acts of ownership,

dominion and control over the one-half interest in the premises in question after the deed was executed by Sandell and delivered to Fernow, Sr., and by showing that Fernow, Sr., in conversations with Carlson, Sandell and others, discussed the lands as though he were the owner of them. If the deed was in fact delivered by Fernow, Sr., to Fernow, Jr., with intent to convey the title to the property to the latter, the fact that Fernow, Sr., retained possession of the property and exercised dominion over it until his death would not re-invest him with title. (*Moore* v. *Downing,* 289 Ill. 612; *Lines* v. *Willey,* 253 id. 440.) It is well settled by the adjudicated cases that in the case of a deed of voluntary settlement the presumption of law is in favor of delivery, and the burden is on the grantor, or those claiming through him, to show want of delivery. (*Whipple* v. *Carrico,* 305 Ill. 164; *Johnson* v. *Fleming,* 301 id. 139; *Waters* v. *Lawler,* 297 id. 63; *Jones* v. *Schmidt,* 290 id. 97.) It is also well established that where a deed duly executed is found in the hands of the grantee a presumption of delivery arises, and this presumption can be overcome only by clear and convincing evidence. *Maule* v. *Maule,* 312 Ill. 129; *Pemberton* v. *Kraper,* 289 id. 295; *Johnson* v. *Fulk,* 282 id. 328.

Appellant has not produced any direct evidence showing that the deed was not delivered to Fernow, Jr., by Fernow, Sr., nor any evidence showing or tending to show that "Jr." did not follow the name of the grantee in the quitclaim deed prepared under the direction of Fernow, Sr., and which Sandell executed and delivered to him at his direction. Fernow, Jr., was not a competent witness in his own behalf and he was not called by appellant. The deed conveying the land to Fernow, Jr., was in his possession prior to the death of his father and continued in his possession after his father's death. Many times the father expressed his intention of conveying the property in question to his son, explaining that he had advanced considerable money

to his daughter and that his son was entitled to this property. Appellant has not sustained the burden of showing that this deed of voluntary settlement found in the possession of the grantee was not duly delivered, and the chancellor properly decreed that the lands belong to appellee John A. W. Fernow, Jr.

The decree of the superior court is affirmed.

*Decree affirmed.*