## George Lancey, Defendant in Error, v. Charles Traubel, Individually and as Administrator of the Estate of Julia Emma Traubel, Deceased, Plaintiff in Error. Barbara Newton and Emile W. Eggmann, Defendants in Error.

1. VENDORS AND PURCHASERS—*title and rights under contract to convey.* Where land is sold by a contract to convey, as between the parties, the vendor is regarded in equity as trustee of the naked legal title for the benefit of the vendee, and the vendee as the trustee of the unpaid purchase money for the benefit of the vendor.

2. VENDORS AND PURCHASERS—*rights of grantee of land received subject to contract of sale.* Where a vendor, under contract to convey land, afterwards conveys the land to a third person subject to the contract, the second grantee is entitled to the purchase money outstanding on the contract, unless there is an agreement to the contrary.

3. VENDORS AND PURCHASERS—*right to convey land subject to contract of sale.* A vendor, by having executed a contract of sale of his land, does not deprive himself of the right to convey the land subject to the contract.

4. TRUSTS—*equitable action as affected by existence of remedy at law.* A court of equity is not necessarily deprived of jurisdiction of a suit involving a trust by the existence of a remedy at law.

5. SAVING QUESTIONS FOR REVIEW—*necessity of urging adequacy of remedy at law.* An objection that the complainant in an equitable action had an adequate remedy at law cannot be raised for the first time in the Appellate Court.

6. EXECUTION OF INSTRUMENTS—*delivery of deed in escrow to be delivered at grantor's death.* Where a grantor executes a deed and places it in the control of a third person to be delivered to the grantee after the grantor's death, reserving no right to recall or revoke the same, such facts constitute a valid delivery; and the fact that the grantor was entitled to the rents and use of the land, and that the deed was not to be recorded until after the grantor's death, does not affect the delivery.

7. ESTATES OF DECEDENTS—*right to proceeds from contract for sale of land.* Where land is sold by a contract of sale, the fact that the vendor did not specifically assign the contract to the purchaser does not operate to constitute the unpaid purchase money the personal property belonging to the administrator of the vendor's estate, where the vendor had conveyed the land, subject to the contract, by deed to a second grantee.

Error by defendant to the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the October term, 1927. Affirmed. Opinion filed January 20, 1928.

E. W. EGGMANN, for plaintiff in error.

O. L. VOIGT and M. V. JOYCE, for defendants in error.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is a writ of error prosecuted by Charles Traubel, individually and as administrator of the estate of Julia Emma Traubel, deceased, to reverse a decree of the city court of East St. Louis, confirming the title of George Lancey, defendant in error, to certain real estate, and directing certain payments to be made by the defendants to complainant in the court below.

George Lancey, as complainant, filed a bill in chancery against Charles Traubel, Barbara Newton and Emile W. Eggmann. Later, Charles Traubel, as administrator of the estate of Julia Emma Traubel, deceased, by leave of court, was made party defendant.

The bill alleges that one Julia Garrison, being the owner of certain described real estate, made a deed of the same to complainant, and later delivered the same to a third person, in escrow, to be delivered to him after the death of the grantor; that, after the death of the grantor, the deed was delivered by the escrow agent to the complainant; that the grantor, prior to the deposit of said deed in escrow, had made an instalment contract of sale of the property to the defendant, Barbara Newton, and at the death of the grantor there was due $436.

The bill prayed for an accounting, and that fee title be confirmed in complainant, subject to said contract. Answers were filed and a cross-bill by Charles Traubel and Barbara Newton seeking to remove the deed as a

cloud on their title, as being fraudulently made without consideration. Proofs were heard before the court, and a decree entered according to the prayer of the bill, dismissing the cross-bill for want of equity.

The evidence shows that on April 22, 1924, Julia Garrison married the plaintiff in error, Charles Traubel, and lived with him about five months, when she separated from him and lived alone until her death on December 28, 1924; that on March 6, 1922, Julia Garrison and her then husband executed a deed to George Lancey; that in April, 1923, this deed was delivered to Etta May Schmulbach, sister of the grantee and niece of the grantor, with instructions to deliver the same to George Lancey after the death of the grantor; that the deed was delivered by the grantee's sister to him after the grantor's death and placed on record.

The evidence further shows that on March 8, 1923, Julia Garrison sold said real estate to Barbara Newton, and executed a bond for deed providing for the payment of monthly instalments of $12, and, at the time of the death of Julia Garrison, there was a balance unpaid on the contract of $436, the vendee having paid, in the lifetime of Julia Garrison, the sum of $364. After the death of Julia Garrison Traubel, her surviving husband, Charles Traubel, collected from Barbara Newton on said contract the sum of $264, and she refused to pay to complainant any monies on said contract.

Plaintiff in error raises two questions upon this record. First, that the complainant has an adequate remedy at law; second, that the decree is not supported by the greater weight of the evidence.

The bill alleges facts showing that Barbara Newton, as vendee in a contract of sale, holds unpaid purchase monies as trustee for the use of the vendor or her lawful grantee. As between the vendor and the vendee, equity regards the vendee as the owner of the land, and

the vendor as the owner of the purchase money. The vendor is regarded as trustee of the naked legal title for the benefit of the vendee, and the vendee as the trustee of the purchase money for the benefit of the vendor. (*Knights v. Knights,* 300 Ill. 618.)

Where a vendor, under contract to convey land, afterwards conveys the land to a third person, subject to the contract, the second grantee is entitled to the purchase money outstanding on the contract, unless there is an agreement to the contrary. (39 Cyc. 1664; *D'Wolf v. Pratt,* 42 Ill. 198; *Steele v. Biggs,* 22 Ill. 643.)

The vendor, by having executed a contract of sale, does not deprive himself of the right to convey the land subject to the contract. (39 Cyc. 1663.)

Where a trust relation exists between the parties, and the duty rests upon the defendant to render an account, a suit in equity for accounting is proper, and, where a trust is involved, a court of equity is not necessarily deprived of jurisdiction by the existence of a remedy at law. (*People v. Bordeaux,* 242 Ill. 327; *Dorenkamp v. Dorenkamp,* 109 Ill. App. 536.)

The objection that complainant had an adequate remedy at law is raised for the first time in this court, and, where, as here, the subject matter is not wholly foreign to the jurisdiction of equity, the defendant, by not objecting in apt time, waives his right to now question the jurisdiction of the trial court. (*Comstock v. Henneberry,* 66 Ill. 212; *Village of Vermont v. Miller,* 161 Ill. 210; *McIntyre v. McIntyre,* 287 Ill. 544.)

The testimony in the record on behalf of complainant is not seriously disputed as to the main facts, but counsel seek to draw conclusions which are not capable of being sustained when carefully analyzed.

The evidence of Etta May Schmulbach as to the deposit of the deed in question with her by the grantor for delivery to the grantee after the death of the grantor is undenied. She states that she received the

deed with instructions to keep the same in her deposit box and deliver the same to complainant after her death; that she wanted to be sure he would have the place after her death, and that he was to have the payments, and that she (Mrs. Garrison) told her that she had sold the property under a contract.

Where a grantor executes a deed and places it in the control of a third party to be delivered to the grantee after the grantor's death, reserving no right to recall or revoke the same, such facts constitute a valid delivery; and the fact that the grantor was entitled to the rents and use of the land, and that the deed was not to be delivered or recorded until after the death of the grantor, does not affect the delivery. (*Kirkwood v. Smith,* 212 Ill. 395; *Bogan v. Swearingen,* 199 Ill. 454; *Kelly v. Parker,* 181 Ill. 49.)

It is contended that, because Mrs. Garrison did not specifically assign the contract of sale to Mrs. Newton, the same constituted personal property belonging to the administrator of Mrs. Garrison's estate, held for the purpose of paying debts and making distribution according to the law of descent, and the case of *Hayne v. Fenton,* 321 Ill. 448, is cited in support of counsel's claim.

In this case the court said: "It is well settled that the proceeds due upon a contract for the sale of real estate made by the vendor during life, *no deed having been executed,* are a part of his personal estate." But in the case at bar a deed was executed by the grantor in her lifetime, the legal effect of which was to vest in the grantee the right to the unpaid purchase money due at the time of the death of grantor. (*D'Wolf v. Pratt, supra; Steele v. Biggs, supra.*)

Counsel contend that the evidence shows that Mrs. Garrison had executed a deed to Barbara Newton, which had become lost, but, after careful consideration of all the testimony, we find there is no substantial evidence which sustains counsel in this claim.

For the reasons above stated, we are of the opinion that the decree of the court below should be affirmed, which is accordingly done.

*Decree affirmed.*