[No. 20701. Department Two. February 27, 1928.]

ISABEL MOTT, by her Guardian ad Litem Oliver Anderson, Respondent, v. AUSTIN McDONALD, as Executor, Appellant.[1]

[1] DEEDS (60)—EXECUTION—EVIDENCE—SUFFICIENCY. Findings as to the date of execution of a deed are sustained by the evidence of witnesses having knowledge of the facts, notwithstanding evidence to the contrary of persons interested in its destruction who had its possession but a short time before any dispute as to its date.

[2] WITNESSES (35)—TRANSACTIONS WITH DECEASED — INTERESTED PERSONS. In an action to recover property given to plaintiff by decedent, the father and mother of the plaintiff are not "parties in interest" disqualifying them as witnesses to transactions with the deceased.

[3] DEEDS (17-1)—GIFTS (4)—DELIVERY—DEPOSIT FOR DELIVERY ON DEATH OF GRANTOR. The voluntary execution and delivery of a deed as a gift to the grantee, on condition that it be not recorded until the death of the grantor, is sufficient to vest the title in the grantee.

[4] DEEDS (17-1, 19)—DELIVERY—DEPOSIT FOR DELIVERY AFTER DEATH —CONDITIONAL DELIVERY. Where a deed of gift was duly delivered, the grantee's subsequent surrender of it to the grantor, for the purpose of insuring a condition that it be not recorded

[1]Reported in 264 Pac. 1003.

until the grantor's death, does not render it inoperative, or warrant its destruction by the grantor.

[5] NEW TRIAL (37, 40)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE —PROBABLE EFFECT. It is not error to deny a new trial for newly discovered evidence that was largely cumulative, and contradicted by counter affidavits, which the trial court ruled would not change the result.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 7, 1926, upon findings in favor of the plaintiff, in an action to try title to real property, tried to the court. Affirmed.

*E. C. Dailey* and *A. E. Dailey,* for appellant.

*D. W. Locke* and *L. L. Black,* for respondent.

FULLERTON, J.—This action involves the title to certain real property, situated at Marysville, in the county of Snohomish. The property was formerly owned by one Charles A. Robinson. The respondent, Isabel Mott, claims through a deed executed to her by Robinson. The appellant, Austin McDonald, claims as devisee under the last will and testament of Robinson.

While neither the deed nor the will was produced in evidence, the record leaves no doubt that both were executed; the deed, sometime during the year 1923, and the will, a few days prior to Robinson's death, which occurred on November 9, 1926. The testimony on the part of the respondent tended to show that the deed was executed in the early part of the year 1923; that it was delivered to the respondent shortly after its execution; that it was kept among the valuable papers of her father and mother in their home until sometime during the midsummer of the following year, when it was returned to Robinson by the mother without the knowledge or consent of the respondent. The evidence indicates, moreover, that the deed was not then surrendered for cancellation.

Robinson was aged and infirm. The Mott family, including the respondent, had shown him many kindnesses, and the evidence leaves no doubt that he, at that time, intended the deed as a gift to the respondent. He, however, did not desire it to be recorded until after his death, and he seems to have wanted its return to better protect himself against such a contingency. He had theretofore had dealings with the elder Mott, in which papers had been executed which the Motts contended were to be returned to them on the death of Robinson, and that Robinson wished the papers and the deed to be kept together. He had a receptacle in his own home in which he kept his valuable papers, and he told Mrs. Mott that the deed would be placed in the receptacle, and that she could get it and have it recorded after his death, giving her at the same time a key to the receptacle.

The testimony on behalf of the appellant indicates that Robinson had become estranged from the Mott family shortly prior to his last sickness, and, after he became incapable of caring for himself, was taken to the home of the appellant. While at the appellant's home, he made the will, and evidently told the appellant of the existence of the deed. The appellant then went to the house of Robinson and made a search for the deed at the place Robinson told him it could be found. He failed to find it on his first search and subsequently made another, when he found it underneath the receptacle on the floor. He took the deed and delivered it to Robinson who burned it in the presence of the appellant and his wife. Their testimony, as well as that of one of their witnesses, is that the deed bore date of October 2, 1923.

[1] The principal question of fact in dispute between the parties is as to the time of the execution of the deed. It is our opinion that this question should

be resolved in favor of the respondent. That it was executed in the early part of the year, is the direct testimony of the father and mother of the respondent, and in this they have the support of the scrivener who drew the deed as well as by other circumstances in the record. On the other side, it is apparent that the witnesses testifying to the later date could be mistaken. The deed was in their possession only a short time, and its date would not be the question uppermost in their minds. Their interest was in its destruction, as they then thought that, by the act, its efficacy as a conveyance would be destroyed. It must be remembered too that, at that time, no dispute had arisen as to the date of the deed, and that neither the appellant, nor his witnesses, knew anything of its history. It is hardly possible that under these circumstances the date of the deed would be an outstanding fact in their memories.

[2] The appellant next contends that the testimony of the respondent's father and mother was inadmissible because of the statute. (Rem. Comp. Stat., § 1211) [P. C. § 7722]. But they were not "parties in interest" within the meaning of the statute. The respondent was seeking to recover the property as her own. In it her father and mother had no present interest. It may be that should the daughter die intestate, unmarried, and without issue, they would inherit from her, but this is a contingency too remote to bring them within the ban of the statute. *In re Sloan's Estate,* 50 Wash. 86, 96 Pac. 684, 17 L. R. A. (N. S.) 960.

[3] The next contention is that there was no sufficient delivery of the deed, even taking the testimony of the respondent as true, to pass the title to the property to the respondent. But it is our opinion that the acts of the grantor were sufficient for that purpose.

The execution of the deed and its delivery to the respondent were the voluntary acts of the grantor, and would vest title to the property in the grantee, even though it was understood between them that the grantor was to retain the possession and the use of the property until his death. Conditions of this sort will not prevent title passing by the deed when expressed in the instrument, and they have no different effect when agreed upon orally.

[4] Nor was the deed rendered inoperative by its subsequent surrender to the grantor. It may be that a deed of gift, made operative by delivery, can be rendered inoperative by its subsequent surrender to the grantor by the grantee, if such is the intent of the parties at the time of the surrender; but it is not the rule that the grantor may obtain its surrender for a special purpose and then successfully contend that the surrender was absolute. The question, however, is not here presented. The evidence very clearly shows that it was not the purpose of either the grantor or the mother of the respondent to destroy the effect of the deed as a conveyance by its return to the grantor. His purpose was, we think, that which we have heretofore indicated; he feared that by some mischance it might be recorded before his death, and took this course to provide against such a possibility. Since this was the understanding, his subsequent destruction of the deed and his subsequent attempted gift of the property to another did not affect the respondent's interests in the property.

A similar case is that of *Maxwell v. Harper,* 51 Wash. 351, 98 Pac. 756. In that instance, the grantor had placed the deed with a third person with directions to deliver it to the grantee at his death. In the course of the opinion, we used this language:

"A grantor's deposit of his deed with a third party, to be held by such third party until the grantor's death and then delivered to the grantee therein named, the grantor reserving no dominion or control over the deed during his lifetime, constitutes a valid delivery and vests an immediate estate in the grantee, subject to a life estate in the grantor. *Grilley v. Atkins,* 78 Conn. 380, 62 Atl. 337, 112 Am. St. 152, 4 L. R. A. (N. S.) 816; *Ball v. Foreman,* 37 Ohio St. 132; *Owen v. Williams,* 114 Ind. 179, 15 N. E. 678; *Stout v. Rayl,* 146 Ind. 379, 45 N. E. 515; *Meech v. Wilder,* 130 Mich. 29, 89 N. W. 556; *Ruiz v. Dow,* 113 Cal. 490, 45 Pac. 867; *Kirkwood v. Smith,* 212 Ill. 395, 72 N. E. 427; *Wilson v. Carrico,* 140 Ind. 533, 40 N. E. 50, 49 Am. St. 213.

From a careful examination of all the evidence, we conclude, that such a delivery was made by W. A. Maxwell; that it was his intention to place the deed beyond his dominion and control; that he did so by depositing it with the bank to be held until his death, and then delivered to the appellant Laura Harper; that he only retained the possession, use, and rental of the land during his lifetime, and that the appellant Laura Harper, upon such delivery to the bank, became immediately vested with the fee simple title, subject only to Maxwell's life estate. . . . While it is true that Mr. Maxwell afterwards leased and mortgaged the land, we do not think he thereby deprived the appellant Laura Harper of her vested title. The vital question here is not what intention he may have afterwards formed, but what was his intention at the time the deed was executed and deposited with the bank. If his intention was such as to make the delivery complete and valid in the first instance, he had no right thereafter to change such intention and withdraw the deed or mortgage the land without the consent of his grantee. *Bury v. Young,* 98 Cal. 446, 33 Pac. 338, 35 Am. St. 186; *Kirkwood v. Smith,* 212 Ill. 395, 72 N. E. 427; *Albright v. Albright,* 70 Wis. 528, 36 N. W. 254; *Grilley v. Atkins, supra.*"

In the text of Corpus Juris (Vol. 18, p. 202, § 97) the following is found:

"The fact that, after a deed has been delivered by the grantor to the grantee, the latter returns it to the former merely for the performance of some act in connection therewith does not negative the previous delivery or operate as a surrender of the title thereby acquired. So the delivery is not necessarily invalidated by the fact that the grantor acts as a depositary for the grantee, as where the deed is returned to him for safe-keeping, or that he has access to the place where the deed is kept, or that it is kept with his private papers."

[5] The appellant moved for a new trial on the ground of newly discovered evidence, supporting his motion by a number of affidavits. The trial court denied the motion, and error is assigned on its ruling. But we are not convinced there was error in this respect. The new matter set forth is largely cumulative and impeaching, and is contradicted by counter-affidavits. The action, it must be remembered, is one of equitable cognizance, in which the court is, of necessity, the ultimate trier of the facts. The question before the trial judge was not, therefore, what effect the newly discovered evidence would have upon the minds of another trier of the facts, but was rather what effect it would have upon his own mind were it in the record. Since he denied the motion, he evidently concluded that, with the additional evidence in the record, the result would not be changed. With this conclusion, we agree.

The judgment is affirmed.

MACKINTOSH, C. J., MAIN, ASKREN, and HOLCOMB, JJ., concur.