## CATHARINE BLACKMAN ·

*v.*

## WILLIAM E. HAWKS.

ACKNOWLEDGMENT—*evidence to overcome officer's certificate.* The certificate of an officer to the acknowledgment of a deed is conclusive to the same extent as that of a record, and it can be overcome only by the most clear and satisfactory proof. The evidence of the grantor will not be sufficient to overcome it, nor will it be overcome by the additional testimony of a witness that the grantor's signature is not, in his opinion, in his handwriting.

WRIT OF ERROR to the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. EDWIN N. LEWIS, and Mr. HENRY MAYO, for the plaintiff in error.

Messrs. BLANCHARD & BLANCHARD, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Plaintiff in error was the owner in fee of the land in controversy, and was the wife of William Blackman. On the 6th day of September, 1871, he negotiated a loan of $1200 from defendant in error, who resided in the State of Vermont. Tillson acted as agent of defendant in making the loan. To secure the loan, plaintiff in error and her husband executed a note and a mortgage on the land to defendant in error. On the 23d of March, following, Blackman negotiated a further loan of $1500, through Tillson, of defendant in error, and to secure the same, with his wife, gave a note and mortgage on the land. Having failed to pay the notes at maturity, by virtue of a power of sale contained in the respective mortgages, defendant in error advertised the land for sale on the 2d day of August, 1875, to raise the money for the payment of the notes. Plaintiff in error thereupon filed a bill to enjoin the sale. She alleged in her bill that she did not execute either of the notes or mortgages—that her signature was forged thereto. A temporary injunction was granted, but on a hearing the court dismissed the bill, and complainant prosecutes error to reverse the decree.

The only question in the case is, whether the signature is genuine, and whether plaintiff in error executed and acknowledged the mortgages. She denies that she ever signed or authorized any person to sign these papers, or that she ever appeared before the magistrate and acknowledged the mortgages, or either of them, and did not know, until June, 1874, that they purported to be so acknowledged. A witness also testified that he knew her signature, and had seen her write, and that he was satisfied it was a forgery. Her husband testified that he executed the papers in the village of Marseilles, and says she was present at his store at the time, and signed some other papers, and he gave her the mortgages to sign, and supposed she had signed them. He says he thinks she did not know what she was signing, and was not present when he

33—89 ILL.

acknowledged them, and does not know whether she acknowledged the mortgages; that he intended to have her acknowledge them, but it rained, and he took the mortgages to the justice's office, and it is his impression that he left them there for her to acknowledge.

Opposed to this is the certificate of the magistrate, attached to the mortgages, indorsed at the time, and certifying that she came before him and acknowledged their execution. The officer testifies that the certificates are his, but said he did not recollect the transaction. He is, however, certain that Mrs. Blackman did acknowledge them, or he would not have made the certificates. There was, also, the signatures to the notes and mortgages, and her signature to the bill and injunction bond, with which the court below could make, and no doubt did make, comparisons.

It has always been held, that the certificate of the officer to the acknowledgment of a deed is conclusive to the same extent that is a record. It can, like a record, only be impeached for fraud. Anciently, a married woman could only release her dower or convey her real estate by record of court, and when the power to take acknowledgments was conferred on officers, there was the same, or nearly the same, presumptions in favor of their certificates as prevailed in favor of the record. The officer acts under the weight of his official oath, and is disinterested, and his certificate is entitled to great and controlling weight until overcome by clear and satisfactory proof. The evidence of the grantor will not overcome it. The question has been many times before this court, and it will be found these cases sustain these propositions: *Ballance* v. *Underhill*, 3 Scam. 453; *Graham* v. *Anderson*, 42 Ill. 515; *Hill* v. *Bacon*, 43 id. 477; *Martin* v. *Hargardine*, 46 id. 322; *Canal Dock Co.* v. *Russell*, 68 id. 426; *Lickmon* v. *Harding*, 65 id. 505; *Kerr* v. *Russell*, 69 id. 666; *Russell* v. *Baptist Theo. Union*, 73 id. 337; and *Wilson* v. *South Park Comrs.* 70 id. 46.* In

*See, also, *Crane* v. *Crane et al.* 81 Ill. 165; *Lowell et al.* v. *Wren*, 80 id. 238; *Marston* v. *Brittenham*, 76 id. 611; *Ennor* v. *Thompson*, 46 id. 214.

this last case it was held, that the evidence of the officer to impeach his own certificate was entitled to little weight, as he was endeavoring to impeach his own solemn, official act; that when he attempted to show he had acted fraudulently in making his certificate, and had certified to an untruth in the most solemn manner, he was not entitled to credit for veracity.

Since all persons, including parties to suits, have, with a few exceptions, been by statute made competent witnesses, if the evidence of the grantor should be held sufficient to overcome the certificate of acknowledgment, then most real estate would be held by a slender and uncertain tenure. Where the value of the property is large, and the conscience of the grantor weak, it would afford a powerful inducement for him to claim and swear that the signature to his deed was forged, and thus recover land he had sold, and for which he had been fully paid.

Here we have the certificate of the police magistrate, which imports verity. We have the signature to the notes and mortgages, apparently fair and genuine, unquestioned until the money falls due and the property advertised for sale, the husband, we presume, delivering the instruments with his wife's signature attached to each, and the magistrate's certificates that his wife had acknowledged them attached thereto. If these signatures were forged, the husband must have known and concealed the fact from his wife. He must have committed the forgery, or at least, knowing of it, approved and availed himself of it to procure the loan of the money. The agent of defendant in error is not shown to have had the least interest, beyond his commissions, to have perpetrated the crime, nor had the magistrate any inducement to do so, except his fee for making the certificates. The husband denies that he did it, and if the signature was forged, he must have done it, but he says he supposed his wife signed the papers. It is true that one witness, who was acquainted with her writing, gives it as his opinion that it is a forgery. We all know that it is exceedingly difficult to know handwriting

where we see it daily, so as not to be readily mistaken, hence this is but slight corroboration of the evidence of plaintiff in error; and the comparison of her genuine handwriting to the bill and injunction bond, may have afforded convincing evidence to the court below that the instruments were genuine.

We have carefully considered the evidence, and from it we are satisfied that plaintiff in error has failed to overcome the presumption of the genuineness of the instruments that is afforded by the officer's certificates and his evidence, supported by attending circumstances.

We must, therefore, concur with the circuit judge in the conclusion he reached on the hearing, and the decree is affirmed.

*Decree affirmed.*