CLARA A. DUNCAN et al.

v.

FRANCES W. DUNCAN et al.

203    461
208    115

*Opinion filed June 16, 1903.*

1. DEEDS—*clear proof is necessary to overcome certificate of acknowledgment.* One seeking to impeach the certificate of acknowledgment to a deed has the burden of establishing his claim by clear and convincing proof.

2. SAME—*what will not overcome certificate of acknowledgment.* A certificate of acknowledgment to a deed is not overcome by the testimony of the acknowledging officer, an old man of failing memory, that the signatures to the deed and acknowledgment are not genuine, corroborated by the testimony of experts based solely upon comparison of signatures, where a number of witnesses who were familiar with the handwriting of the grantor and the officer swore the signatures were genuine.

WRIT OF ERROR to the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

Plaintiffs in error, claiming as tenants in common with the defendants in error, as heirs of Jason Duncan, deceased, filed their bill in the circuit court of Knox county for the partition of lot 1, block 2, in John G. Sanburn's subdivision of lots 3 and 4, in block 15, in the old town of Knoxville, and lot 1, block 7, in Hansford & Sanburn's subdivision of out-lots in the city of Knoxville. Jason Duncan acquired title to these lots in 1849, and from that time until his death, September 20, 1885, occupied the last described lot as a homestead. Plaintiff in error Clara A. Duncan lived at home with her father and mother until the death of her mother, in 1873, and afterward kept house for her father until his death and up to the time of beginning this suit. Robert Duncan, a son of Jason Duncan, resided with his father and sister on the premises until his father's death, and after his marriage continued to live there with his wife, Frances W. Duncan, and child, Frederick R. Duncan, until his death, in January, 1899. On account of his old age and inca-

pacity the care of Jason Duncan devolved upon Clara A. Duncan and the care of his business affairs upon Robert. The amended bill in this cause, after setting out the above facts, states that the defendants in error Frances W. Duncan and Ira J. Lewis, as guardian of Frederick R. Duncan, minor, falsely and wrongfully claim that on February 19, 1885, Jason Duncan made, executed and delivered to Robert Duncan, for a valuable consideration, a warranty deed to "lot 1, block 2, lot 1, block 7, in Hansford & Sanburn's subdivision of out-lots," and delivered possession of the premises in controversy thereunder, whereby Robert Duncan acquired title thereto; and further, that the defendants in error wrongfully claim that on February 22, 1885, Jason Duncan, for a valuable consideration, made and delivered a warranty deed to Robert Duncan of the lots in controversy herein, and that Robert Duncan, after the making and delivering of the two deeds referred to, took possession of and paid taxes on the premises thereafter; but plaintiffs in error deny that any such deeds, or either of them, were ever executed by Jason Duncan, but insist that if any such deeds are in existence they are, and each of them is, not the act of Jason Duncan, but are fraudulent and wrongful.

The answer of the defendants in error to the amended bill admits the relationship of the parties hereto and the former ownership of the lots in question by Jason Duncan, but denies that he owned them at the time of his death, but, on the contrary, claims title in Frederick R. Duncan, subject to the dower right of Frances W. Duncan, as sole heir of Robert Duncan, under the deeds which plaintiffs in error claim are fraudulent but which the defendants in error insist are true and good and sufficient conveyances of the lots in question, the second deed having been made to correct the erroneous description in the first.

The cause was referred to the master to hear the evidence and report his conclusions thereon, and on the

hearing of the master's report and the exceptions thereto the court below rendered a decree dismissing the bill for want of equity. To reverse that decree plaintiffs in error now prosecute this writ.

D. C. MILLER, and R. C. HUNT, for plaintiffs in error.

P. H. SANFORD, FLETCHER CARNEY, and JAMES W. CARNEY, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

It is conceded that the controlling question in this case is as to the validity of the deeds from Jason Duncan to his son, Robert Duncan, and whether the title to the property is in the heirs of Jason Duncan or in the heirs of Robert Duncan. Plaintiffs in error contend that Jason Duncan never executed the deeds, and in support of their contention rely mainly upon the testimony of Lewis Andrews, a justice of the peace,—an old man of apparently failing memory, whose name appears on the deeds as that of the officer who took the acknowledgment of the grantor thereto; and upon the testimony of expert witnesses as to handwriting, who were not familiar with the writing of Jason Duncan or of Lewis Andrews, but who testified as to the genuineness of the signatures of Jason Duncan and Lewis Andrews only by comparison of the signatures on the disputed deeds with those on a former deed introduced by plaintiffs in error which it is admitted bears the genuine signatures of Jason Duncan and Lewis Andrews. Andrews testifies that the signatures on the disputed deeds are not his, and the expert witnesses say that by comparison with the admittedly genuine signatures the purported signatures of Jason Duncan and Lewis Andrews are not the same; while opposed to this testimony is that of a number of witnesses familiar with the writing and signatures of Jason Duncan and Andrews, the magistrate, who testified that their purported signatures are genuine.

The question thus presented is purely one of fact, and we have given the evidence careful consideration. We cannot say that the court below is mistaken in its finding that the deeds referred to are genuine. Exceptions to the master's report were filed and argued before the court below, which approved the findings of the master. The weight of the evidence sustains that finding. At least it cannot be said that the finding is so clearly against the weight of the evidence that this court should overrule it. (*Siegel* v. *Andrews & Co.* 181 Ill. 350.) We have often held that the certificate of acknowledgment can only be overcome by clear, convincing and satisfactory proof, the burden being upon the party seeking to impeach such acknowledgment. Conceding the deeds to be genuine, they are clearly sufficient to pass title to the grantee.

The judgment of the circuit court will accordingly be affirmed.