(No. 24449.

MARY A. CAMPBELL, Appellant, *vs.* IRMA CAMPBELL, Appellee.

*Opinion filed February 17, 1938.*

HERGET & HOFFMAN, (ROSCOE HERGET, of counsel,) for appellant.

LESTER F. CARSON, and FREDERIC J. LEE, for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

November 2, 1921, the plaintiff, Mary A. Campbell, conveyed certain real estate in the city of Peoria to her son, C. E. Campbell, by warranty deed which contained the following provision: "This deed is made subject only to

the decease of the grantor herein and said premises above described shall vest in the grantee immediately upon my decease." At that time Mary A. Campbell, her son, C. E. Campbell, and his wife, Irma Campbell, a defendant, were living together as one family on the premises in question.

On July 15, 1929, this deed was filed for record with the recorder of deeds of Peoria county, Illinois, and recorded in due course. The entry book in the recorder's office shows that the deed, after having been recorded, was returned by mail to the grantee, C. E. Campbell. On January 16, 1935, C. E. Campbell died intestate, leaving the defendant, Irma Campbell, his widow, the plaintiff, Mary A. Campbell, his mother, and Frances L. Davidson, his sister, surviving as his only heirs-at-law. On June 7, 1935, Mary A. Campbell filed her complaint in the circuit court of Peoria county alleging her ownership of the real estate in question, the execution of the deed, and that the deed was taken from her possession by the defendant, and without her consent, knowledge or authority, filed for record. The plaintiff prayed for an accounting of the rents, issues and profits of the premises, that the conveyance by Mary A. Campbell to C. E. Campbell be declared null and void, and that she be reinvested with the title to the premises.

The cause was referred to a master for hearing on the complaint and answer of the defendant, Irma Campbell, and, subsequently, upon the answer of Frances L. Davidson who was made a party to the suit. The master found that the deed to C. E. Campbell was never delivered to him prior to his death, and that the deed should be canceled. The circuit court sustained exceptions of the defendant, Irma Campbell, to the master's report and found that the deed had created a life estate in the grantor and a vested remainder in fee in the grantee C. E. Campbell. From that decree this appeal has been taken.

A copy of the deed was offered and admitted in evidence without objection, together with the certificates of

acknowledgment and recording. Mary A. Campbell, the plaintiff, and Frances L. Davidson, her daughter, one of the heirs of C. E. Campbell, deceased, testified on behalf of the plaintiff. The defendant objected to the competency of these witnesses and subsequently moved to strike their testimony on the ground that they were incompetent to testify under section 2 of the Evidence act.

Mary A. Campbell was suing as grantor and not as heir of C. E. Campbell, but the defendant, Irma Campbell, was sued and was defending as an heir-at-law of C. E. Campbell, who died leaving no child or children, no descendants of any child or children, and intestate. The grantor in a suit to set aside his deed, brought against the heir of the deceased grantee, is incompetent to testify under section 2 of the Evidence act. (*Griffin* v. *Griffin,* 125 Ill. 430; *Crane* v. *Crane,* 81 id. 165.) Mary A. Campbell was an incompetent witness in her own behalf. Frances L. Davidson was also incompetent to testify, under section 2 of the Evidence act, being a person directly interested in the event of the suit.

The only competent evidence is the deed from the plaintiff to C. E. Campbell, together with the certificates of acknowledgment and recording, the public record, and the testimony of Lillie Doney to the effect that the defendant, Irma Campbell, stated to her that the premises in question belonged to Mary A. Campbell.

A deed, executed, acknowledged and recorded, is presumed to have been delivered. (*Reed* v. *Douthit,* 62 Ill. 348; *Harshbarger* v. *Carroll,* 163 id. 636; *Standard Trust and Savings Bank* v. *Carlson,* 315 id. 451.) Whoever questions the fact of delivery under such circumstances must assume the burden of overcoming the presumption by clear and convincing evidence. *Reed* v. *Douthit, supra; Harshbarger* v. *Carroll, supra; Standard Trust and Savings Bank* v. *Carlson, supra; Maule* v. *Maule,* 312 Ill. 129.

The burden was upon plaintiff to prove the case which she alleged in her complaint, and this she failed to do. The circuit court erred, however, in view of the issues presented to it, in making affirmative findings and, in effect, construing the deed. There was no cross-complaint, and on this record a proper decree would have been one dismissing the bill for want of equity. For this error alone, the decree of the circuit court is reversed and the cause remanded to that court, with directions to enter a decree dismissing the complaint for want of equity.

*Reversed and remanded, with directions.*