(No. 26662.—

MARIA W. BORMAN, Appellant, *vs.* WALTER P. OETZELL
*et al.,* Appellees.

*Opinion filed January 19, 1943—Rehearing denied March 9, 1943.*

Robert W. Scherman, and Hubert Lee Steed, (Werner H. Sommers, of counsel,) for appellant.

Robert M. Woodward, Robert J. Spahr, Joseph Sam Perry, and Hadley & Leren, for appellees.

Mr. Chief Justice Stone delivered the opinion of the court:

The circuit court of DuPage county dismissed appellant's third amended complaint which in effect sought to present two distinct causes of action, one on the equity side seeking to set aside certain deeds executed by her and her husband, William C. Borman, now deceased, and to enjoin certain insurance companies from paying the policies issued on the life of the said William C. Borman to certain beneficiaries therein named; and the other an action at law against Charlotte Burkhardt, a notary public, for allegedly making a false certificate of acknowledgment, and seeking damages against her and her bondsmen for the amount of her official bond and damages against her personally on the ground of fraud. The latter cause was dismissed on a motion of Charlotte Burkhardt, thus disposing of that case. The appellant took no appeal from that order of dismissal until the appeal taken to this court after hearing on her complaint in equity. She brings the cause here for review contending that the court erred in dismissing her complaint in chancery and also in dismissing her complaint against Charlotte Burkhardt and her bonds-

men on her official notary bond. She also complains of rulings on evidence.

The substance of appellant's complaint, by which she seeks to set aside the deeds therein described, is that at the time she was married to William C. Borman on May 22, 1926, she had a legally adopted son, Walter P. Oetzell, and said William C. Borman had three children by a former marriage. These four children also were made parties defendant. She alleges that she was possessed of certain real and personal property of the value of $19,000 and that her husband insisted and induced her to convey her real estate to him and to herself in joint tenancy, and that he later, about sixty days before his death, being in poor health, informed her that he intended to execute his last will and testatment, which he did in her presence, and induced her to sign deeds to both her property and his, to one Herbert C. Strauschild, who in turn conveyed all of such real estate to Borman in fee. She alleged that the deeds were in blank when she signed them and were later filled in with the name of Strauschild as grantee. She alleged also that her husband was insured in various life insurance companies, who were made defendants herein, in a sum aggregating $4000, and that he told the plaintiff on several occasions that he had made her the beneficiary of those policies and prevailed upon her at various times to pay, out of her own funds, the premiums on such policies.

The prayer of her bill, so far as the chancery proceeding was concerned, was that the purported warranty deeds from herself and Borman to Strauschild be set aside and the title to the property be declared to be in her, and that all monies paid by her as premiums on the life insurance policies be held to be a constructive trust. The prayer also sought an injunction restraining the insurance companies from paying any of the monies to the beneficiaries named thereunder. These beneficiaries are also defendants.

Her complaint against Charlotte Burkhardt alleged that the latter was a notary public and certified that appellant and Borman appeared before her and acknowledged their execution of the deeds when as a matter of fact they did not. She alleges that Burkhardt's actions in the matter were fraudulent and made for the purpose of assisting in carrying out the fraud committed by her husband in securing the title to her property. She prays judgment on Charlotte Burkhardt's notary bond in the sum of $1000 and $20,000 against her personally because of fraud. On motion of Charlotte Burkhardt, in the nature of demurrer, the court dismissed the complaint as to her. On hearing on the chancery complaint the chancellor dismissed the cause for failure of proof. The deeds and will are appended as exhibits to the complaint. The will of Borman gives his entire real estate to appellant for her natural life. Upon her death the property she had originally owned is devised to her son in fee and the balance of the property to Borman's children.

Appellant here contends that her suit is based on fraud; that she was fraudulently induced to part with her property, and as to the insurance policies, deceased had falsely represented to her that she was named as beneficiary and fraudulently induced her to pay, out of her own funds, the premiums. The theory of the appellees is that the complaint, as amended, did not state a cause of action against Charlotte Burkhardt and the court did not err in dismissing that complaint against her. They also urge that the order dismissing that complaint was a complete and final determination of the controversy between the plaintiff and the defendant Burkhardt, and no appeal from that order having been prayed by the plaintiff to the Appellate Court or to this court within ninety days, this court is without jurisdiction of the appeal. They also maintain that the chancellor was correct in dismissing the equity complaint.

The complaint against Charlotte Burkhardt was an action at law for damages claimed to have arisen through making a false certificate of acknowledgment on the deed. A judgment was entered in her favor which was separate and distinct from the decree in the chancery action. The case against her was a law case. Under the Civil Practice Act so permitting, (Ill. Rev. Stat. 1941, chap. 110, par. 168,) this common-law action was joined with the complaint in equity for hearing. The defendant Burkhardt was not interested in the complaint seeking to set aside the deed and could not be affected either directly or indirectly by a decree on that complaint. Nor could the complaint or decree in the equity proceeding be affected by a judgment in her favor in the common-law action. No issue in the action against her gives this court jurisdiction on direct review. It was a separate proceeding joined under the Civil Practice Act for the purpose of hearing and was an action of an entirely different character.

The Civil Practice Act, in this regard, provides a permissive procedure and does not purport to confer on this court, on direct review, jurisdiction of cases which it would not have were such cases heard alone. Paragraph 168, above referred to, provides that, subject to rules, any plaintiff or plaintiffs may join any causes of action against any defendant or defendants. The court, however, may, in its discretion, order separate trial in each of the causes of action if they cannot be conveniently disposed of with the other issues of the case.

Rule 11 of the Rules of Practice and Procedure adopted by this court provides: "When actions in law and in chancery which may be prosecuted separately are joined, the party joining such actions may, if he desires to treat them as separate causes of action, plead such causes of action in distinct counts, marked respectively 'separate action at law' and 'separate action in chancery.' When so pleaded the court shall first determine whether the actions joined

by the separate counts are properly severable, and, if so, whether the actions shall be tried separately and in what order, or whether the actions shall be tried together. If the court determines that the actions are severable, the issues formed on the legal counts shall be tried before a jury when a jury has been properly demanded, or by the court when a jury has not been properly demanded, and the equitable issues shall be heard and decided in the manner heretofore practiced in courts of equity."

It must be borne in mind in the trial of cases, that these provisions in the rules and in the Civil Practice Act, are for expedition in disposition of the business of the court and are not intended to change jurisdictional requirements for direct review in this court. It should also be borne in mind that under such a combination of causes of action in equity and at law for trial, there may be presented in one of such causes of action issues reviewable on direct appeal to this court only, and at the same time another cause of action, so combined, may present issues reviewable on direct appeal to the Appellate Court only. This is true in the cases before us. The proper procedure in such instances requires that the trial court, though it hear the causes of action collectively, nevertheless preserve the identity of each separate and distinct action so that each cause will, on appeal, be taken to the court having jurisdiction thereof.

In *Duncan* v. *Suhy,* 378 Ill. 104, an appeal from the decision of the probate court on a petition of certain interested parties seeking to have the personal property of the estate of Viola Suhy declared to be in them, was combined, in the circuit court, with a petition for partition of real estate. Both causes came here on direct appeal and this court took jurisdiction of the partition proceeding because a freehold was involved, but transferred the appeal from the order of the circuit court reviewing the action of the probate court to the Appellate Court, as no question

giving this court jurisdiction was there involved. While in that case the separate causes of action did not arrive in the circuit court in exactly the same manner as the ones before us, the same reasoning applies.

In *Kronan Building and Loan Ass'n* v. *Medeck,* 368 Ill. 118, jurisdiction was taken by this court of an appeal from a decree in foreclosure; but there a counterclaim was filed in the same suit, pertaining to the same subject matter and also an equitable action, which involved a freehold. The judgment in favor of Charlotte Burkhardt does not raise any issue giving this court jurisdiction on direct appeal and that cause is transferred to the Appellate Court for the Second District.

In the chancery action appellant charges Borman, deceased, with fraud, and prays that the deeds made pursuant to that fraud be set aside and the title to the property conveyed by her declared to be in her. Under this charge the burden was upon appellant to sustain the allegations of her complaint. In this action, instituted by her, the appellees, as defendants, were defending as devisees of William C. Borman, deceased. Section 2 of the Evidence Act provides: "No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends * * * as the executor, administrator, heir, legatee or devisee of any deceased person." The evidence offered by appellant to sustain her complaint in this regard was that of herself and her adopted son. Appellant was one of the grantors in the deed she sought to have set aside. Both she and her adopted son were incompetent as witnesses in her behalf as both were directly interested in the suit and the defendants were defending as devisees of Borman, deceased. *Campbell* v. *Campbell,* 368 Ill. 202; *Griffin* v. *Griffin,* 125 id. 430; *Crane* v. *Crane,* 81 id. 165.) Other witnesses offered by

her sought to testify to conversations with the deceased after the deeds were executed. This evidence was incompetent to impeach the validity of the deeds. (*Stephens* v. *Collison,* 313 Ill. 365; *Patterson* v. *Patterson,* 251 id. 153; *Potter* v. *Barringer,* 236 id. 224.) It was not error on the part of the chancellor to refuse to receive this testimony. The deeds were of record. They purported to have been acknowledged and executed, and being of record were presumed to have been delivered. The burden rested upon the appellant to overcome this presumption as well as to prove her charges of fraud, by clear and convincing evidence. (*Campbell* v. *Campbell, supra; Standard Trust and Savings Bank* v. *Carlson,* 315 Ill. 451; *Maule* v. *Maule,* 312 id. 129.) This burden appellant failed to sustain and the court did not err in dismissing her complaint.

It is also complained that the court, after having defaulted some of the defendants, later set the default aside, and erred in so doing. The action of a chancellor in setting aside a default entered against a defendant and granting leave to plead, is within his judicial discretion and is not reviewable on appeal except for abuse of that discretion. (*Farmer* v. *Fowler,* 288 Ill. 494; *Anderson Transfer Co.* v. *Fuller,* 174 id. 221; *Culver* v. *Hide and Leather Bank,* 78 id. 625.) The record contains no showing of abuse of discretion on the part of the chancellor and this contention cannot be sustained.

The decree dismissing the complaint in equity is affirmed, and the appeal from the order dismissing the complaint at law is transferred to the Appellate Court, Second District. If the appellant desires to further prosecute her appeal in the Appellate Court, she shall procure a certified copy of so much of the record as she is advised is sufficient to present the cause there.

*Affirmed in part, and in part transferred.*