(No. 31636.—

STEPHEN WITT *et al.,* Appellants, *vs.* MONICA PANEK *et al.,* Appellees.

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

FRANK P. PRETE, of Chicago, for appellants.

JAMES E. HOGAN, CHARLES F. GRIMES, and LEONARD HIGLEY, all of Chicago, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

This is an appeal seeking to reverse a decree of the superior court of Cook County which dismissed a complaint that sought to partition real estate, and to set aside three deeds alleged to be clouds on the title thereto.

The facts show that Michael Witt, also known as Michael Witkowski, acquired title to the premises in dispute in 1919, and made his residence there until October, 1948, when he died, intestate, and a widower, at the age of eighty-seven years. His surviving heirs-at-law consisted of seven children and five grandchildren. During the latter ten to fifteen years of his life, his daughter Monica Panek

lived at home with her father, keeping house and caring for him. On March 16, 1943, there was filed for record a quitclaim deed, bearing date of February 27, 1943, by which Michael Witt purportedly conveyed his home to Monica Panek for one dollar and other valuable considerations. The certificate of acknowledgment was dated February 27, 1943, and was purportedly made by the grantor before Harold Hoffman, a notary public. Two deeds executed and filed shortly after Witt's death, created a joint tenancy in the premises between Monica Panek and her husband, John Panek. Though there is some conflict in the testimony of the opposing sides, it appears that the majority of the children did not learn of Witt's conveyance until after his death. It was then that Stephen Witt, one of the sons, examined the deed, talked to Hoffman, and then started this action, alleging that the deed was a forgery and that it was invalid for lack of delivery and lack of consideration. He was joined in the complaint by Charles F. Witt, Pauline Caster, Marie Glasebrook and Lillian Bulger, all children of Michael Witt, whom we shall hereafter refer to as appellants. Named as defendants were Monica Panek and Barney Witkowski, also children of the decedent, John Panek, the five grandchildren, the notary, Harold Hoffman, and a tenant named Suvick, who occupied the second floor of the property involved. The complaint asked that the deeds referred to above be set aside and that the property be partitioned among Witt's heirs as tenants in common. After the issues had been joined, the cause was referred to a master in chancery, who, after hearing the evidence, found Michael Witt's signature to be a forgery and recommended that the relief prayed be granted. The chancellor, however, sustained objections to the master's report and dismissed the complaint for want of equity.

Stated briefly, it is appellant's contention that the signature on the deed of February 27, 1943, is a forgery

perpetrated by Barney Witkowski, with the knowledge and consent of John and Monica Panek, for the purpose of depriving the other heirs of their interest in the property. To support this charge, appellants offered the testimony of a handwriting expert, who, after a comparison of signatures, concluded that Witt had not signed the deed. In addition, Hoffman, the notary public, despite the tenor of the certificate of acknowledgment, testified that Michael Witt had not in fact appeared before him to acknowledge the signature on the deed, but that the deed had been brought to him by Barney Witkowski already signed, and that he, Hoffman, had completed the acknowledgment on Barney's representation that the deed bore the signature of the grantor, Michael Witt. This testimony of Hoffman was given from a hospital bed where he was confined with an illness from which he died before the completion of the trial. Other evidence offered by appellants tended to prove that Michael Witt could, and did, sign his name unaided both before and after the date of the deed; that taxes, insurance, water meter, lights, etc. for the premises continued to be carried under Michael Witt's name until shortly after his death, and that neither Witt nor Monica had ever discussed the·deed with appellants prior to his death.

The proofs offered by appellees on the issue of forgery tended to show that the signature on the deed was not the unaided signature of Witt, but that it was his signature as it resulted when his hand was guided and supported by the hand of Barney Witkowski. The latter testified that his father had expressed his desire to convey the property to Monica, and asked the witness to get the necessary papers. Barney related that he went to Hoffman, a sometime lawyer, who was a fellow post-office employee, and asked him to prepare the deed, and that he did. Hoffman denied that he had prepared the deed. Barney further testified that he returned the deed to his father,.who retained

it for several days, after which he called the witness into the kitchen of the home and asked for a pen with which to sign the deed; that his father tried to write his name but could not finish it, and asked the witness to hold and guide his hand on the deed, and that he did so. A copy of the deed, in the record as an exhibit, shows two unsuccessful efforts to write the first letters of the word "Michael" immediately before the completed signature "Michael Witt." Barney admitted that he had returned the deed to Hoffman to have it notarized and recorded, after which he returned it to his father. Appellees assert that such a signature is effective to create a valid deed, and that regardless of who wrote it, or how it was written, the grantor, Michael Witt, adopted and ratified it as his own.

In this latter regard, appellees produced several disinterested witnesses who told of statements made by the grantor in the five years he lived after the deed was recorded, in which he openly stated that he had conveyed the property to Monica; that he had sold it to her for a dollar and that in return she was to feed and care for him. The most important of these witnesses was a son of the tenant, Suvick, who testified that he had always paid the rent for the flat occupied by his family to Michael Witt, but that in March, 1943, Witt told him to make rent payments and complaints to Monica, stating she "owns the building now." The witness continued that from then on he had paid the rent to Monica Panek, and approached her about building repairs.

Other evidence for appellees tended to prove that Michael Witt occasionally had difficulty in writing his name, dependent on his physical condition, which, due to his advanced age was not always the best. There was, however, no direct evidence that he was ill or ailing on the day he allegedly signed the deed with the aid of Barney Witkowski. A handwriting expert, testifying in appellees' behalf, expressed his opinion that the characteristics of the

signature on the deed showed that two persons had participated in making it, a firm hand guiding a shaky hand, and that there had been no attempt at simulating the grantor's signature. Following this the handwriting expert of appellants was recalled to the stand and stated that, in his opinion, the signature was not that of Michael Witt as guided and led by the hand of another, but that the signature had been made by one person who had a firm hand and who tried to give the writing a shaky appearance. He would not express an opinion as to whether that person had been Barney Witkowski.

There seems to be no dispute but what a grantor may, in some circumstances, execute a valid deed by signing his mark, or by having his hand guided when signing, or by directing a third party to affix his signature in his presence. In such cases the disposing capacity and the act of mind which are essential and efficient ingredients of the deed are the grantor's, who merely uses the hand of another, instead of his own, to do the physical act of making a written sign. (16 Am. Jur. 492, par. 95.) Language of similar purport was used by this court in *Kerr v. Russell,* 69 Ill. 666. It is appellants' contention, however, that the deed here is a complete forgery, and not signed by Michael Witt, aided or unaided. In determining whether an attacking party has adduced proof sufficient to establish that the signature on a deed was in fact forged, the rule is that the record of conveyance and the certificate of acknowledgment can be overcome only by proof which is clear, convincing and satisfactory, and by disinterested witnesses. (*Koepke v. Schumacher,* 406 Ill. 93; *Finley v. Felter,* 403 Ill. 372.) The proof of forgery in the present case is limited to the opinions of the handwriting expert, and to the notary's repudiation of his official seal and act. While we find no case of a similar nature wherein the testimony of professional handwriting analysts has been considered, we have held that the opinion that a signature was a forgery,

expressed by nonexperts familiar with a grantor's signature, is not sufficient to overcome a certificate of acknowledgment and prove forgery. (*Blackman* v. *Hawks,* 89 Ill. 512; *Kerr* v. *Russell,* 69 Ill. 666.) In the present case the handwriting expert was called upon to go further and to determine whether the disputed signature could have been in the guided hand of the grantor. The uncertainty as to the accuracy of his conclusions is reflected in the exactly opposite results reached by the expert who testified for the appellees. We cannot say that proof of this nature, as it appears in this record, is of the clear and satisfactory type required to show that a signature is in fact a forgery.

While the evidence of Hoffman, the notary, impeaching his certificate, would, of itself, be entitled to little weight in overcoming the acknowledgment, (see *Wilson* v. *South Park Comrs.* 70 Ill. 46; *Blackman* v. *Hawks,* 89 Ill. 512; *Duncan* v. *Duncan,* 203 Ill. 461,) his testimony in this instance is supported by appellee Barney Witkowski, who seeks to support the deed and yet admits that his father did not acknowledge the signature before Hoffman in person. While such testimony casts doubt on the execution of the deed, (*Robinson* v. *Robinson,* 116 Ill. 250, *Shadden* v. *Zimmerlee,* 401 Ill. 118,) it is not positive proof of forgery, and the doubts it raises are overcome to a great extent by testimony of the distinterested parties as to the statements and actions of Michael Witt, which tend to establish that he did in fact execute the deed conveying his property to Monica Panek. While the method pursued by the grantor was one from which unfavorable inferences could easily be drawn, we are not prepared to say that there is sufficient proof to establish the alleged forgery to be a fact. A somewhat analogous situation appears in the case of *Koepke* v. *Schumacher,* 406 Ill. 93, where the disputed signature of the grantor was printed in script rather than being in his handwriting.

The delivery of the deed is questioned by appellants but there is nothing in the record which would have justified a decree granting relief on the theory that the deed was not delivered. The proof showed that the deed had been executed and recorded five years before the grantor's death, and it was found in the hands of the grantee at the grantor's death. Under such circumstances it is presumed to have been delivered. (*Standard Trust and Savings Bank* v. *Carlson,* 315 Ill. 451; *Maule* v. *Maule,* 312 Ill. 129.) Whoever questions the fact of delivery under the circumstances must assume the burden of overcoming the presumption by clear and convincing evidence. (*Campbell* v. *Campbell,* 368 Ill. 202.) The fact that the grantor continued to live on the premises after executing the deed, and that taxes, insurance and meter services were carried in his name, create but slight inferences against the presumption that there was a delivery of the deed and are insufficient to meet appellants' burden of proof. Such acts could not reinvest the grantor with title. *Standard Trust and Savings Bank* v. *Carlson,* 315 Ill. 451.

Appellants' remaining contention is that there was no consideration for the deed. Aside from evidence from which it can be inferred that Michael Witt was capable of supporting himself, appellants offered no evidence to show lack of consideration. On the other hand, the testimony of the disinterested witnesses shows that the consideration was care and support, which is valid consideration. (*Legate* v. *Legate,* 249 Ill. 359; *Gallaher* v. *Herbert,* 117 Ill. 160.) Indeed, in *Spencer* v. *Razor,* 251 Ill. 278, it was held that no valuable consideration is required to render effective and binding upon the grantor voluntary conveyances to his children. In any event appellants' contention must fail.

For the reasons expressed, the decree of the superior. court of Cook County dismissing the complaint for want of equity is affirmed.

*Decree affirmed.*