Verle Miller, Administrator de bonis non with the Will Annexed of the Estate of Burt B. Miller, Deceased, Mary Brown and George S. Skinner, as Substitute Trustees, Plaintiffs-Appellees, v. Marjorie Knowles Swanson and J. Walter Swanson, Defendants-Appellants.

Gen. No. 65–15.

Third District.

December 30, 1965.

180

Peterson, Johnson & Martin, of Princeton (Joseph R. Peterson and Watts C. Johnson, of counsel), for appellants.

George S. Skinner, of Princeton, and Walter Durley Boyle, of Hennepin, for appellees.

CORYN, J.

This is an appeal from an adjudication made after a hearing before the Chancellor on a verified complaint for foreclosure of a trust deed allegedly made by defendants, Marjorie Knowles Swanson and J. Walter Swanson, on August 6, 1958, and given by them to secure the payment of four promissory notes of even date, made by defendant, Marjorie Knowles Swanson, and aggregating $20,000. Plaintiffs, Verle Miller, now Verle Bass, as Administrator de bonis non with the Will annexed of the Estate of Burt B. Miller, deceased, and Mary Brown, are alleged to be holders of the four notes. Each owns one note for $7,500, and Mary Brown is alleged also to hold two other notes of $2,500 each. Plaintiff, George S. Skinner, is the substitute trustee by the exercise of a power given the holders of the notes by the terms of the trust deed, and joined in the complaint on behalf of said holders. Defendants, by unsworn answer, denied all the material allegations of the complaint and alleged for special defenses against any right of foreclosure in plaintiffs that there was a failure of consideration for the notes and trust deed in issue, fraud in their procurement, and various forgeries and fraudulent material alterations thereto. By reply, plaintiffs denied the averments of these defenses.

On October 26, 1964, the Chancellor entered judgment in favor of both the Administrator of the Estate of Burt

Miller and Mary Brown, and against the defendant, Marjorie Knowles Swanson, on the claims arising from each of the two notes in the face amount of $7,500, and after allowing interest thereon, assessed the damages of each owner at $9,778.08. As to the two notes for $2,500 each, held by Mary Brown, the trial court entered judgment in favor of the defendants. Plaintiffs' prayer for foreclosure of the trust deed and for attorney's fees was denied. Defendant, Marjorie Knowles Swanson, and plaintiffs have all appealed from this determination.

It is Mrs. Swanson's contention that findings allowing plaintiffs recovery on the two notes for $7,500 are contrary to the manifest weight of the evidence, and to principles of law and equity; that in any event, the computation of interest owing thereon is incorrect, and that those portions of the order entering judgment against her on these two notes are palpably erroneous. She argues that having found no right of foreclosure in plaintiffs, the Chancellor was required to dismiss the in rem proceedings for want of equity, and had no power to enter a judgment at law against her, in personam. She also claims that by entering the judgments against her in this equity proceeding, where foreclosure does not lie, she has been effectively deprived of her constitutionally protected right of trial by jury. Plaintiffs contend that the findings disallowing attorney's fees, foreclosure of the trust deed and recovery on the two notes for $2,500 each, and those portions of the order entering judgment for defendants as to these claims, are contrary to the manifest weight of the evidence and to law and equity.

The four notes in question were received in evidence as plaintiffs' exhibits 7, 8, 10 and 11. Each is an identical printed form of real estate note upon which blanks have been filled to supply the date, the payee, the principal debt, the interest rate, and other relevant information. Each note contains a security recitation that it is one in a

series of the same date and tenor, "aggregating the total principal sum of Twenty Thousand ($20,000) Dollars and secured by a *Trust* Deed of even date made by *Marjorie Knowles Swanson* to *L. D. Spaulding, Jr., Trustee,* [sic] as Trustee, on *320* acres of land in *Putnam* County, Illinois." (The words emphasized are those that were filled in on the printed note forms.) On plaintiffs' exhibits 7 and 8, all blanks are completed by handwriting, the date of each purports to be August 6, 1958, each is in the principal amount of $7,500 at five per cent interest, and both are payable to "Bearer." On plaintiffs' exhibits 10 and 11, the blanks are completed by machine typewriting under the purported date of August 6, 1958. These notes are each in the principal sum of $2,500 at five per cent interest and are also payable to "Bearer." All four notes are payable at the First State Bank of Princeton, Illinois, and the signature of defendant, Marjorie Knowles Swanson, as sole maker, is genuine.

The trust deed under which plaintiffs claim a right of foreclosure was admitted in evidence as plaintiffs' exhibit 1. This document also bears the genuine signature of the defendant, Marjorie Knowles Swanson, and that of her husband, the defendant, J. Walter Swanson. It purports on its face to have been executed on August 6, 1958, and to have been acknowledged on that same date before one Joseph Stefko, Jr., an Illinois notary. This document is also a printed form made by the publishers of the Bureau County Republican, to which data has been supplied to blanks by typewriting. It recites a consideration of $20,000, and a purpose of securing four notes aggregating that sum.

L. D. Spaulding, Jr., the designated trustee in the aforementioned notes and trust deed, practiced as an attorney in Princeton, Illinois, until about 1961, when, according to the record, he was expelled from practice and convicted and sentenced as a felon. Subsequently, the holders of the notes elected George S. Skinner, an attorney, as

184

substitute trustee, and this suit for foreclosure was thereafter commenced. By sworn answer to a demand for admissions of fact, that interest accruing August 6, 1961, or thereafter, has not been paid, defendants have stated that they have made no payments of principal and interest on the notes.

The foregoing facts are not disputed. The rights of the parties are governed by the law in effect prior to July 1, 1962, which is the effective date of the Uniform Commercial Code (Ill Rev Stats 1963, c 26).

 The possession by the plaintiffs of the notes and trust deed, and their admission in evidence as plaintiffs' exhibits 1, 7, 8, 10 and 11, together with proof of default in the performance of their terms, established in plaintiffs a prima facie right of recovery and of foreclosure. Schmoldt v. Chicago Stone Setting Co., 309 Ill App 377, 33 NE2d 182; Henderson v. Davisson, 157 Ill 379, 41 NE 560. Where the signature to the notes is genuine, as is admittedly the case here, the law presumes that the holders are holders in due course, which involves also a presumption of proper delivery for a sufficient consideration. Ill Rev Stats 1961, c 98, §§ 44, 79; see also Ill Rev Stats 1961, c 98, § 48. The certificate of acknowledgment to the trust deed in question, being in regular form, is prima facie proof of the matters therein certified, i. e., that the parties thereto executed and delivered the same to secure the payment of a series of four notes aggregating the principal sum of $20,000. Krueger v. Dorr, 22 Ill App2d 513, 161 NE2d 433. Whether these presumptions were overcome by defendants through proof of fraud in obtaining the execution of the instruments, which is a complete bar (Ill Rev Stats 1961, c 98, § 11), or by proof of material alterations so noticeable to plaintiffs as to make failure of consideration a good defense (Ill Rev Stats 1961, c 98, §§ 48, 76, 79), and the ultimate question of where, after all the proof, the evidence preponderates, were issues to be weighed and determined by the Chancel-

lor. Krueger v. Dorr, 22 Ill App2d 513, 161 NE2d 433. Our jurisdiction on review is limited to the determination of whether the findings of the Chancellor, on the foregoing questions of fact, and in view of the applicable law, find support in the record, or whether they are manifestly in error. Krueger v. Dorr, supra.

To support her contention that the four notes sued upon were obtained by fraud and circumvention, Mrs. Swanson testified that to refinance a previous debt to one Arthur Norberg, as to which the balance was then $10,000, she went to Spaulding, who was her attorney, and who also procured loans, in October of 1958, for the purpose of borrowing $10,000 only. She stated that he produced four notes, with the amounts in blank, for her to execute, giving the explanation that lenders preferred four instead of one note. When she protested about signing with the amounts in blank, she states that Spaulding left the room where they were secreted from his employees, to type the amounts into the notes himself. He thereafter returned and placed the four notes before her in a stack. Mrs. Swanson testified that Spaulding was then back and forth between offices, and on the phone, and that she examined the top two notes onto which he had correctly typed the figure $2,500 as the principal debt, and that supposing each of the four to be typed for exactly the same amount, as per her directive, she signed all four, although on the bottom two she saw only the signature lines.

With respect to the defense that unauthorized alterations were made to the instruments in question, Mrs. Swanson stated that at the time she signed the four notes, the designated payee in the top two, which are plaintiffs' exhibits 10 and 11, and which she read, was "myself" and not "bearer," as they now read. It is obvious that this word "bearer" in these two exhibits has been typed over the erasure of another word, of which enough remains to indicate that it was "myself." This

186

fact is corroborated by the testimony of Linton Godown, an expert witness called by defendants, although he did not give an opinion as to when the alteration occurred in relation to the time of execution. Mrs. Swanson testified that she did not ever endorse any of the four notes described in the complaint, and that their delivery was accordingly unauthorized. Although all of these notes contain a recitation of being secured by a trust deed of even date, Mrs. Swanson asserted that neither she nor her husband executed a trust deed at the time of signing the notes because she wanted evidence before endorsing the notes or executing a trust deed, that the Norberg note had been paid. As to plaintiffs' exhibit 1, which is the trust deed containing the genuine signatures of defendants, and upon which plaintiffs claim a right of foreclosure, Mrs. Swanson stated numerous times that the only trust deed in the amount of $20,000 ever signed by her and her husband was in 1953 in connection with another loan initiated through Spaulding, but never consummated. Evidence was offered on her behalf that as originally drawn, this trust deed recited that it was given to secure five notes, three being in the amount of $5,000 and two in the amount of $2,500. Mrs. Swanson stated that no such notes were ever signed by her because she decided at that time not to borrow that amount. She remembered that this transaction occurred in 1953, because she did not ever sign more than one trust deed in the amount of $20,000.

To rebut the foregoing evidence of Mrs. Swanson, plaintiffs offered the testimony of Lucy Welch, former Circuit Clerk of Bureau County, and Mary Potter Bailey, publisher of the Bureau County Republican, printers, that the form of trust deed used in making plaintiffs' exhibit 1, was first authorized and printed in March, 1956.

The foregoing evidence, particularly in view of admissions made here, does not sustain the contention that fraud or circumvention were used to obtain defend-

ants' execution or delivery of the four notes (plaintiffs' exhibits 7, 8, 10 and 11), or of the trust deed (plaintiffs' exhibit 1), nor does it sustain the contention that alterations appearing on the face of these instruments were made subsequent to execution, or without authority, or that delivery was unauthorized. In her briefs filed with this court, Mrs. Swanson has admitted error in her testimony before the trial court to the effect that the trust deed (i. e., plaintiffs' exhibit 1) was executed in 1953. In view of the rebuttal evidence of Lucy Welch and Mary Potter Bailey, Mrs. Swanson has said here that she was obviously mistaken in her testimony, and that "in all probability . . . [that] . . . trust deed [i. e., plaintiffs' exhibit 1] was executed and signed by her and by her husband at the same time that the *four* notes were signed . . . ," which she believes to have been October 18, 1958, and not August 6, 1958. (Emphasis added.) This admission and Mrs. Swanson's other testimony indicates that she has always been aware of having signed a trust deed that recited a purpose of securing notes aggregating $20,000, although she previously had thought it to have been executed in 1953, when no notes were signed, rather than in 1958, when four were signed. The notes themselves, in unaltered parts, each contain a recitation that it is one in a series aggregating $20,000, and the trust deed also recites, in unaltered parts, that it is given in consideration of $20,000 to secure notes aggregating that amount. There is no evidence that these recitations were absent when Mrs. Swanson executed these instruments. In view of this and of her admission that the trust deed was signed at the same time as the four notes, it is clear that the record does not support the validity of Mrs. Swanson's assertion that she supposed that she was, in 1958, signing four notes aggregating only $10,000. Furthermore, her insistence throughout the trial that she signed only four notes, and that five notes aggregating $20,000 were never signed at the time the

trust deed was executed, tends to explain the circumstance that the trust deed itself was altered from its original recitations to conform with what the evidence shows was actually done. As originally typed, it secured *five* notes aggregating $20,000, three being for $5,000 each and two for $2,500 each. As altered, to conform with what the evidence indicates actually transpired, the trust deed secures four notes, two for $7,500 each and two for $2,500 each. The notes were also then apparently completed by a different typewriter than was used in other recitations to show each as being one in a series of "4," according to the testimony of Linton Godown. So far as fraud or circumvention are concerned, there is no evidence that any of the documents signed were executed from coercion, nor is there any evidence that Spaulding or anyone else told Mrs. Swanson or her husband that any of these documents recited differently than they do, or made any false statements to them about the content of the notes in the trust deed. See Connolly v. Dammann, 232 Ill 175, 83 NE 531. Again, the fact that Mrs. Swanson was aware of having executed a trust deed to secure notes aggregating $20,000, and now admits that it was executed in 1958, rather than in 1953, along with the execution of four notes, rather than five, indicates that she was not misled. The trust deed itself is dated August 6, 1958, and under the same date bears the acknowledgment of Joseph Stefko, Jr., an Illinois notary, that it was executed and delivered at the time stated, by the purported makers, for the uses recited which is in consideration of $20,000 to secure the payment of four notes of even date, aggregating that sum. This deed was recorded in its present form in 1958, shortly after its issuance. The certificate of acknowledgment it bears is prima facie proof of the truth of the matters certified, and may not be overcome except by clear, convincing, and satisfactory proof of disinterested witnesses. Krueger v. Dorr, 22 Ill App2d 513, 161 NE2d 433. Only the

189

testimony of Marjorie Knowles Swanson has attempted to impeach any of the recitations of this certificate, and her evidence for this purpose is plainly insufficient. It was her burden to establish that the alterations complained of occurred after she signed the instruments. Central Trust Co. of Illinois v. Kendall, 202 Ill App 294. We think the unsupported testimony of Mrs. Swanson alone, on this issue, is also legally insufficient, especially where she herself admits of confusion about the facts.

■■■■■■■ Our attention has been directed to the fact of a variance between the recitals of the trust deed as to the payee and place of payment of the notes secured and the actual fact as shown by the notes themselves. The notes, i. e., the two typed ones, while formerly payable to "myself," are now payable to "bearer," as are the two in handwriting, and all are payable at the First State Bank of Princeton, Illinois. The trust deed, however, describes notes payable at the Citizen's First National Bank of Princeton, Illinois, to the order of "herself [i. e., the maker] and by her duly endorsed." In all other details, the descriptions of the notes in the trust deed conforms accurately with the recitals of the notes, and the notes correctly describe the trust deed. It being undisputed that the trust deed and notes were executed at the same time, and the evidence being that no other notes were issued at the time of the issuance of the trust deed, there could be no basis for finding that these misrecitals were other than mere clerical errors in failing to alter the trust deed recitations to conform in this detail with the fact. Such errors do not defeat the intention of the parties. Metropolitan Life Ins. Co. v. Kobbeman, 260 Ill App 508. So far as the dispute here is concerned, there is no practical difference in legal effect between a note payable to the makers, and by them duly endorsed in blank, and one payable to bearer. The recitations of the trust deed shows an intent to secure bearer notes, and being acknowledged, those recitations cannot be overcome by

the unsupported testimony of Mrs. Swanson that she made no bearer notes. Krueger v. Dorr, supra. We conclude that the evidence here supports only a finding that the notes produced in evidence, that is, plaintiff's exhibits 7, 8, 10 and 11, are the notes described in the trust deed (plaintiff's exhibit 1). See Metropolitan Life Ins. Co. v. Kobbeman, supra.

 The Chancellor found that the evidence failed to establish forgeries or failure of consideration as asserted by Mrs. Swanson, and in our judgment this conclusion is fully supported by the record. Mary Brown testified that the consideration given by her and Burt Miller, decedent, for the four notes and trust deed upon which this proceeding is based, was a cash payment of $10,000 and the surrender and cancellation of plaintiffs' exhibits 4 and 2, both of which were admitted in evidence. Plaintiffs' exhibit 4 is a promissory note under date of August 6, 1955, in the principal amount of $10,000, payable to Marjorie Knowles Swanson and J. Walter Swanson, or order, purportedly executed and endorsed by defendants. Plaintiffs' exhibit 2 is a trust deed under date of August 6, 1955, securing the aforementioned note, and bearing the purported signature and acknowledgment of defendants before one Zelda Nieman, a notary. The defendants admit that the signature of Marjorie Knowles Swanson to the note and deed, and her endorsement to the note, is genuine, but Mrs. Swanson testified that the signature purporting to be her husband's is not his handwriting. In this respect her testimony was corroborated by Joseph Stefko, Jr. She testified that her husband never signed the note and trust deed of 1955, and that although she signed and endorsed them to refinance the Norberg loan, she changed her mind and so advised Spaulding, and that their delivery by Spaulding was accordingly unauthorized. To substantiate her contention that there was a failure of consideration for the notes sued upon, Mrs. Swanson produced defendants' ex-

hibit 8, which is a forged note under date of August 6, 1953, to which is attached by staple a memorandum signed by both Mary Brown and Burt Miller, stating, under date of August, 1957, "the within and attached note, balance of which is now Ten Thousand ($10,000) Dollars, is now owned as follows: $2,500 by Burt B. Miller, $7,500 by Mary Ellen Brown." Mrs. Swanson also produced copies of letters from Spaulding's file suggesting that plaintiffs were mailed a certified copy of a trust deed dated 1953 (defendants' exhibit 3) which defendants infer must have been for the sole purpose of securing the forged note. Thus, Mrs. Swanson claims that it was the forged note and the certified trust deed of 1953 which were purchased by plaintiffs in 1957 and thereafter exchanged by plaintiffs for the four notes in question, and not the note and trust deed of 1955. There was no evidence, however, as to when, or by whom, or how the memorandum attached to exhibit 8 became affixed, and there was no evidence that the forged note was ever held by plaintiffs. Mary Brown denied ever having seen it. On the other hand, although the signature of J. Walter Swanson to the note and deed of 1955 appears not to have been his handwriting, that fact does not establish forgery. A person may sign an instrument by another and adopt the signature as his own. Tunison v. Chamblin, 88 Ill 378, at 389; Witt v. Panek, 408 Ill 328, 97 NE2d 283. The certificate of acknowledgment to the trust deed of 1955, taken by Zelda Nieman, is again prima facie proof that J. Walter Swanson appeared and adopted the signature to the instrument as his. Witt v. Panek, supra; Koepke v. Schumacher, 406 Ill 93, 92 NE2d 152. The truth of the facts certified thereto, and that it was executed and delivered for the purposes recited therein, can be overcome only by proof which is of the clearest, strictest, and most convincing character, and must come from disinterested witnesses. Witt v. Panek, supra. Neither J. Walter Swanson, whose signature is alleged to

192

be forged, nor Zelda Nieman, who took the acknowledgment, nor L. D. Spaulding, Jr., to whom the instrument was admittedly delivered as designated trustee, all of whom the record suggests to have been available at the time of trial to testify, were called as witnesses.

 We conclude that the trial court erred in denying plaintiffs recovery on the two notes in the face amount of $2,500 each, and in denying attorney fees and foreclosure, under the trust deed. We also conclude that in computing the interest due plaintiffs on the notes, the same should be computed from August 6, 1960, as prayed in the complaint, and as per the endorsements of interest payments which appear on the reverse side thereof, and not from August 6, 1958, the date of issue. In view of this determination, there is no occasion for deciding the other issues raised by defendant. The judgment of the trial court is accordingly reversed, and the cause is remanded with directions to proceed with the accounting in accordance with the views herein expressed, and to enter judgment against the defendant, Marjorie Knowles Swanson, and in favor of the plaintiffs in the amounts demanded by the prayer of the complaint, and to proceed with foreclosure against the rights of the defendants, in the subject premises, according to the terms of the trust deed.

Reversed and remanded with directions.

ALLOY, P. J. and STOUDER, J., concur.