(No. 31810.

EVERETT SHORT *et al.,* Appellants, *vs.* AUDRIA SHORT, Appellee.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

HARRY I. HANNAH, (JAMES M. BUMGARNER, of counsel,) both of Mattoon, for appellants.

HENRI I. RIPSTRA, of Casey, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the plaintiffs, who are the executors of the last will and testament and the heirs-at-law of Elmer Short, deceased, from an order of the circuit court of Clark County dismissing their complaint filed against the defendant, the widow of Elmer Short, deceased, for want of equity. Said complaint, among other things, charged that a deed executed by Elmer Short and the defendant conveying all his real estate unto the defendant was never delivered to her and that the control and possession of the land described in the deed, together with the income therefrom, were never relinquished by the grantor or delivered unto the defendant and that by reason thereof said deed

was null and void and should be removed as a cloud on the title to said real estate. The answer was a general denial of the complaint. After a hearing, the chancellor found the issues for the defendant and dismissed the complaint. Since a freehold is involved the appeal is taken directly to this court.

It appears from the evidence that Elmer Short married the defendant in 1932. There were no children born to the marriage. It was Mrs. Short's second marriage, she having had three children by her former marriage. Mr. Short died on December 14, 1948, at the age of 85 years and Mrs. Short was about 56 years old at that time. When the parties were married Mr. Short owned 190 acres of farm land, all situated in Clark County. Subsequent to the marriage he acquired 10 additional acres, making a total of 200 acres, which was all the real estate he owned, and all of which was described in the questioned deed of conveyance. The Shorts lived on the farm during their entire married life and were living there at the time of Mr. Short's death. Mr. Short had not farmed the land himself, it having been rented to tenants for several years.

Mr. Short died between 9:15 A.M. and 9:30 A.M. on December 14, 1948, and at the hour of 9:15 A.M. on that same date there was filed for record, in the recorder's office of Clark County, the questioned deed, executed by Elmer Short and his wife, Audria, as grantors, conveying all of the 200 acres of land to the said Audria Short, the defendant. This deed was dated March 24, 1945. It is undisputed that from the date of the execution of this deed it had remained in a tin box belonging to Mrs. Short's daughter, which the daughter kept on the closet shelf of her room in the Short home where she resided.

Since the validity of this deed of conveyance depends upon the legality of its delivery, a review of the circumstances surrounding its execution and possession by the stepdaughter is desirable. The record discloses that Mr. Short

had a lockbox in a bank at Casey, standing in his own name, in which he kept the title papers to the farm land and which box he had given his wife authority to enter as his agent. A few weeks before the date of the deed, Mrs. Short went alone to the bank and took out the abstract and deeds to the property. She then went alone to the office of an insurance man in Casey and gave him instructions to prepare a new deed to the property to her as grantee. Subsequently she went back to the insurance man's office in Casey and obtained the old deeds together with the new deed, and put the new deed in her purse and took it home. Mrs. Short then testified that a week or two later she and her husband and one of her daughters drove into Casey and went to the Chevrolet garage on the date the deed was executed, that she and her husband went into the garage alone and they both signed the deed before a notary public, who acknowledged the signatures. After the instrument had been signed and acknowledged Mrs. Short again returned it to her purse and they returned home. That same day, when both Mr. and Mrs. Short were present, the deed was delivered to her daughter.

The only evidence concerning the delivery of the deed to the daughter was given by Mrs. Short and her two daughters. From this testimony it appears that when Mr. and Mrs. Short returned from town, Mrs. Short took the deed and handed it to her daughter Virginia, and told her, "Keep it until you are asked for it" and that Mr. Short said, "Yes, girls, I have fixed the deed to your mother so she would not have any trouble if anything happens to me." Thereafter Virginia put the deed in a little green metal box on her closet shelf in the room which she used in the house. The deed remained in the box until the Saturday before Mr. Short's death when it was removed by the daughter and delivered to Mrs. Short at her request. Mrs. Short then gave the deed to a neighbor to take to an attorney to have it recorded.

It also appears from the evidence that Mr. Short executed a will on October 22, 1948, by the terms of which he gave his wife a cash bequest of $1500, to be in addition to the widow's award to be fixed by the appraisers appointed by the county court. Likewise, he gave her the use of eighty acres of his land and one half of all the oil-and-gas royalties payable from all of his real estate for the term of her natural life. He also stated in the will that it was the opinion of the testator that the value of the life estate was greatly in excess of one half of the value of all his real estate. He also gave his wife the sum of $2000 in trust for the benefit and support of her grandchildren. The residue and remainder of his estate was given to his nephews and nieces. The attorney who drew this will testified that, prior to its execution, Mr. Short had met with him privately in his office and that they had talked at length about the provisions of the will and particularly the fact that the life estate given to the wife equaled more than one half of the value of the real estate. It also appeared that on December 3, 1948, only a short time before Mr. Short's death, the wife came to the office of another attorney who had been doing all the legal business for both Mr. and Mrs. Short for several years, except for the drafting of the will which was admitted to probate. At that time she told this attorney that her husband wanted her to come in and see the lawyer and have him draw a will. She further stated that Mr. Short wanted to leave one of her grandchildren $1000 and to leave the other two of her grandchildren $500 each, and leave the farm, and anything else he might have after payment of debts, to the wife. This attorney prepared such an instrument and mailed it to Mrs. Short directing her as to how the will should be signed, but the same was never executed.

The plaintiffs contend that the decree should be reversed because there was no effective delivery of the questioned deed. They likewise urge that the deed is not valid because

it is an attempt to make testamentary disposition of real estate without complying with the statute relating to wills.

The main issue in his case is the question of delivery of the deed. Plaintiffs in their briefs concede that this is the real question involved. From the evidence it clearly appears that the deed was duly executed by the grantors and immediately after its execution it was delivered to the grantee. Subsequently, that same day, the grantee in the presence of the grantor delivered the deed to her daughter. The deed then remained in the possession of the daughter until the grantee asked for the deed. From the testimony regarding the placing of the deed with the grantee's daughter, it appears that there is some question as to how long or under what circumstances the deed was to be retained by the daughter. One witness stated that Mrs. Short said to the daughter, "Keep it until you are asked for it." The daughter who received the deed testified that her mother stated she wanted her to put it in her tin box which she had in her room and to "Keep it until they asked for it." She further stated that her mother said, "You keep it until we ask for it." The plaintiffs contend that this testimony indicates that the delivery unto the daughter Virginia was a conditional delivery by both grantors. From our review of the evidence, it appears that the deed had actually been delivered to Mrs. Short immediately after its execution. She had it in her possession prior to its execution and, after she and her husband signed the deed before a notary public, it was immediately placed in her pocketbook again and remained there until the parties returned home. The deed was executed in Casey, where Mr. Short had a lockbox in his own name at a bank. It would appear that if Short had intended to retain possession of the deed himself he could have placed the deed in the lockbox at Casey, which stood in his name alone. Likewise, if he wanted to leave it with someone for delivery to his wife, he had ample

opportunity to do that. We interpret the conversation accompanying the placing of the deed with the daughter by her mother as being merely explanatory of the circumstances under which the deed was deposited by the grantee for safekeeping. It is to be noted that Short, the real grantor, made no statement indicating that the delivery was conditional. His remarks, as testified to by the daughter Mary, were that he said, "Yes, girls, I have fixed the deed to your mother so that she would not have any trouble if anything happens to me." The daughter Virginia, with whom the deed was placed, states that Mr. Short said, "The deed was fixed up and if anything happened to him, Mom would be taken care of." These statements by Short do not indicate any condition being attached to the delivery, but indicate, on the contrary, that he had given his wife the title to the property. It is reasonable to assume that when he was referring to the fact that his wife would have no trouble and that she would be taken care of, he meant that her ownership of the property was absolute and it would not be necessary to have an estate proceeding or anything of that sort in order for her title to be complete.

The plaintiffs rely heavily upon the fact that Short made a will some three years after the date of the deed in question by which he indicated that he owned the title to the entire farm. They likewise rely upon the fact that he continued to do the business and continued to retain the possession of the property. In the case of *Potter* v. *Barringer,* 236 Ill. 224, we held that where a deed had been duly executed and acknowledged, and had been in the possession of the grantee prior to the grantor's death, the deed was valid even though the grantor retained possession of the land, renewed a mortgage on the land, sold coal rights and received rents and profits from the land during grantor's lifetime. In that case evidence was introduced indicating that the grantor made statements, after the deed had been

executed, to the effect that she did not intend to leave the grantee anything. We held that such conversations did not render the deed invalid, since a deed cannot be invalidated by parol evidence. Likewise in that case there was evidence of letters and conversations by the grantee and her husband which indicated that they did not expect to receive anything from the grantor. We held, in that case, that such evidence would not overcome the presumption of delivery where a deed is actually in possession of the grantee, both before and after the death of the grantor.

We likewise followed this decision in the case of *Borman* v. *Oetzell*, 382 Ill. 110, in which we again stated that where deeds have been executed, acknowledged and are of record at the time of trial, there is a presumption of delivery which must be overcome by the parties seeking to set the deeds aside before they can prevail in the suit. In the case of *Stenwall* v. *Bergstrom*, 405 Ill. 281, we stated that where a deed is executed, acknowledged and recorded it is presumed to have been delivered and whoever questions the delivery must assume the burden of overcoming the presumption by clear and convincing evidence.

In the case of *Logue* v. *Von Almen*, 379 Ill. 208, we stated that a deed could not be delivered to a grantee or his agent as an escrow to take effect upon a condition not appearing upon the face of the deed. We stated that a deed so delivered became absolute unless the delivery was made in escrow to a third person. We again must refer to the evidence indicating that possession and control of the deed was in Mrs. Short, the grantee, and she gave it to her daughter to hold. The grantor did not do so. He had already surrendered any control over the deed prior thereto.

While it is apparent from this record that this is a close case on the facts and there is some evidence indicating that both Mr. Short and Mrs. Short by their conduct might have considered that the deed did not place the title in the

name of Mrs. Short unconditionally, we believe that, under the well-established principles of law previously announced by this court over many years, this case must be affirmed. We believe that the chancellor properly held that the deed had been delivered.

For the reasons stated in this opinion, the decree will be affirmed. *Decree affirmed.*